**Claude Lewis COOK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14872.**

Court of Criminal Appeals of Oklahoma.
April 15, 1970.

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Prudence Little, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge:

Claude Lewis Cook, hereinafter referred to as defendant, was charged with the crime of Murder in the District Court of Tulsa County, Oklahoma. He was tried by a jury who found him guilty of the included offense of Manslaughter in the First Degree and assessed his punishment at not less than 10 years nor more than 30 years in the state penitentiary. From that judgment and sentence he appeals.

Briefly stated the record reflects that on the evening of the 16th day of November, 1967, in the apartment and presence of Beulah Horner, Jim Norman, Mr. and Mrs. Freeman, the defendant stabbed Jim Norman who ran from the apartment house onto the street where he told investigating officers that he had been stabbed by "Red." The officers entered the building, found a knife under defendant's mattress with blood on it, and the defendant acknowledged that it was his knife. The defendant testified that he was afraid of the deceased, had had prior altercations with hm, and that at the time of the stabbing the deceased had a hunting knife either with him or within his immediate reach.

There are several assignments of error argued in the brief of defendant which were not objected to during the trial with exceptions taken to the ruling of the court, nor preserved in the Motion for New Trial and which are argued for the first time on appeal. We will not discuss these assignments of error for we have repeatedly held that: errors to which no objections are taken, exceptions taken to the ruling of the court, preserved in the Motion for New Trial, raised in the Petition in Error, are not properly preserved for review on appeal. See Jones v. State, Okl.Cr., 410 P.2d 559.

This leads us to a consideration of defendant's assignment of error that the

trial court erred in giving Instruction No. 3 in the form used. Defendant argues that the italicized portion of the following instruction constituted an invasion of the province of the jury by the judge in that it informed the jury that the crime of homicide had been established beyond a reasonable doubt:

"The Court instructs the jury that homicide is the killing of one human being by another, and is murder when perpetrated without authority of law and with a premeditated design to effect the death of the person killed. In other words, to constitute murder, under the law it is essential that the homicide be committed with the premeditated design on the part of the one accused to unlawfully take the life of the person killed, and in order that you may fully understand the legal meaning of the expression 'premeditated design,' as used herein, *you are told that the unlawful killing being established by the evidence beyond a reasonable doubt,* it becomes necessary for you to inquire into the condition of the mind of the party doing the killing in order to determine the grade of the homicide, and in reaching your conclusion, the important questions to be considered are: [emphasis ours]

Do the facts and circumstances in the case at the time of the killing and before and immediately after that time having connection with or related to it, furnish satisfactory evidence beyond a reasonable doubt of the deliberate mind on the part of the accused to effect the death of the one killed at the time the act is done which results in the killing, and do these facts and circumstances show a formed design on the part of the one accused to take the life of the person killed?

If the evidence does prove these facts and circumstances to you beyond a reasonable doubt, then the killing will be with a premeditated design and will be murder. Premeditated design includes malice aforethought and accordingly the jury must be satisfied from the evidence beyond a reasonable doubt that the killing was the consummation of a previously formed design to take the life of the person killed, and that the design to take the life, or kill, as herein required was formed deliberately, with a deliberate mind; that is, the mind of the person killing must have been at the time of the killing self-possessed and capable of contemplating the consequences of the act proposed to be done.

There is, however, no definite space of time necessary to intervene between the forming of this premeditated design to kill and the actual killing, and a single moment of time may be sufficient. All that is required is that the mind be cool and deliberate in forming its purpose and in forming a design to kill, and you are instructed that this design to kill is inferred from the fact of the killing, unless the facts and circumstances in the case raise a reasonable doubt as to whether such design existed.

If the evidence in this case satisfied your minds beyond a reasonable doubt that the killing was done and was perpetrated with a premeditated design on the part of the defendant to kill the deceased, and that such premeditated design was formed in the mind of the defendant when deliberate and capable of contemplating the consequences of the act proposed to be done by the defendant, and such killing is further shown to be unlawful and with malice aforethought, or with a premeditated design as herein explained to you, then the homicide is murder."

In order to properly determine the issue here presented, we must consider the instructions as a whole. In Instruction No. 2, the court stated that the defendant is presumed innocent until guilt is established beyond a reasonable doubt from the evidence. In Instruction No. 4, the court said:

"You are instructed that if you find beyond a reasonable doubt that the defendant did, in Tulsa County, Oklahoma, on or about the 16th day of November,

1967, unlawfully, wilfully, maliciously and feloniously, without authority of law, and with a premeditated design upon the part of said defendant to effect death of James Richard Norman cut, slash and stab the body of the said James Richard Norman with a knife with a three inch steel blade which the defendant held in his hands, then and there and thereby inflicting in and upon the body of the said James Richard Norman certain mortal wounds from which he did then and there languish and die, then it should be your duty to convict the defendant, otherwise you should acquit him."

Instruction No. 11 stated, "You are the judges of the facts, the weight of the evidence and the credibility of the witnesses * * *"

We are of the opinion that the instruction complained of, although not artfully drawn, when considered with the other instructions and the meaning to be deduced therefrom, did not mislead the jury and correctly stated the law.

■ We are of the further opinion that defendant's next contention that the trial court erred in admitting hearsay statements made outside the presence of the defendant, if error, was certainly harmless error in that none of the testimony complained of purported to establish the circumstances under which the stabbing occurred, but rather related only to the fact that the defendant had stabbed the deceased which was admitted by the defendant in his direct examination.

After having carefully examined the record, we are of the opinion that the evidence, although conflicting, amply supports the verdict of the jury; that the punishment imposed was well within the range provided by law; and there is no error which would justify modification or reversal. The judgment and sentence appealed from is accordingly

Affirmed.

BRETT, P. J., and NIX, J., concur.