**Ermin Dale BALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17809.**

Court of Criminal Appeals of Oklahoma.

April 26, 1973.

Wayne Hagle, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge.

Ermin Dale Ball, appellant, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, of the crime of Taking Indecent Liberties with a Female Child Under the Age of Fourteen Years. He was sentenced to one (1) year in the State Penitentiary, and from that conviction and sentence a timely appeal has been made to this Court.

On February 10, 1972, defendant, along with several other men, was visiting the home of Wanda Laverne Legg. The men had been drinking that day and they continued drinking at the Legg residence. About 10:00 p. m. the defendant got up and proceeded to the bathroom. Shortly thereafter, Phyllis Legg, the daughter of Laverne Legg, began screaming so Mrs. Legg and the men went to her bedroom where defendant was seen pulling up his pants and running toward the front door.

Phyllis Legg, who was twelve years old at the time, testified that she was in bed asleep and was awakened by the defendant, who was stripped to his undershorts. She testified that he was on his knees beside the bed and had his hand between her legs.

The defendant testified that he did not molest the girl, but Mrs. Legg testified that the defendant told her at the preliminary hearing that he could not believe he had done it and that he wished he was dead. Defendant further testified that he had gone into a different bedroom to sleep and was awakened by Mr. Langford, who was one of the men in the house. He testified that Mr. Langford began shaking and pushing him so he ran out of the house to avoid trouble. However, Mrs. Legg testified that Mr. Langford did not leave the front room during the whole incident.

The first proposition defendant asserts is that the verdict is not substantiated by sufficient evidence.

The evidence in this case is conflicting, but this Court has held in numerous cases:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts." Jones v. State, Okl.Cr., 468 P.2d 805 (1970)

See also Kelly v. State, Okl.Cr., 415 P.2d 187 (1966).

**910**

Defendant's next proposition is that the court erred in instructing the jury, but this contention cannot be sustained.

Counsel for defendant objected to one of the instructions and complains that it was error for the court to give it to the jury.

In Schapansky v. State, Okl.Cr., 478 P.2d 912 (1970), this Court stated:

"Where counsel is not satisfied with instructions that are given, or desires court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that it be given in absence of such request, Court of Criminal Appeals will not reverse case if instructions generally cover subject matter of inquiry."

See also Clark v. State, Okl.Cr., 383 P.2d 236 (1963).

In the case at bar counsel failed to do this, so the error cannot be urged on appeal.

Defendant's next proposition is that the verdict is excessive.

This Court has often held that the question of excessiveness of punishment must be determined by a study of all facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court. Roberts v. State, Okl.Cr., 473 P.2d 264 (1970). See also LaRue v. State, Okl.Cr., 404 P.2d 73 (1965).

In the case at bar defendant received one year in the State Penitentiary, which is the minimum sentence allowed by law, so it cannot be said that the sentence is excessive.

Defendant urges two other errors in his Petition in Error. First, defendant asserts that there were errors of law committed at trial, however after carefully searching the record, these errors cannot be found. A more specific assignment of error ·is needed so the subject can be more carefully researched and analyzed.

Defendant also urges as error that the verdict is contrary to and in disregard of the court's instructions. Again, however, a careful search of the record and the instructions does not reveal this error.

Judgment and sentence affirmed.

BUSSEY and BRETT, JJ., concur.