**Ira Leo SPEER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–63.**

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1976.

Rehearing Denied Aug. 31, 1976.

Warren Gotcher, Gotcher, Gotcher & Gotcher, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Ira Leo Speer, hereinafter referred to as defendant, was charged, tried after waiving a jury, and convicted of the crime of Escape from the State Penitentiary in the District Court of Pittsburg County, Case No. F–75–14. From a judgment and sentence assessing punishment at two (2) years in the state penitentiary to be served after the expiration of any prior sentence, the defendant has perfected his timely appeal.

After an in camera hearing before the trial court on the defendant's motion to dismiss for lack of a speedy trial, the defendant agreed to stipulate to all of the State's testimony. Briefly stated the State's testimony would have been that the defendant was incarcerated in the State Penitentiary in Pittsburg County on the 28th day of June, 1973, for a term of eighteen (18) years after a conviction for second degree burglary, after former conviction of a felony. On the 5th day of Janu-

ary, 1975, a line count of prisoners after a prison fire disclosed that the defendant was missing without permission. On January 9, 1975, the defendant was taken into custody at a residence near Boswell, Oklahoma, and returned to the penitentiary at McAlester and the custody of the warden. A certified copy of the prior burglary conviction was introduced by the State and admitted into evidence over objection of the defendant. The State then rested and the defendant demurred to the evidence and renewed his motion to dismiss. Both the demurrer and the motion were overruled by the trial court. The defendant presented to defense.

The defendant's sole assignment of error contends that the trial court erred in not granting a motion to dismiss because of lack of speedy trial since said denial of a constitutional and statutory right prejudiced the defendant entitling him to dismissal of the charge.

The record reveals that the defendant was initially charged on January 13, 1975, and preliminary arraignment was held on January 14, 1975, at which time the defendant objected to the attorney appointed by the trial court since that particular attorney also served as city prosecutor. At that time the trial court set preliminary hearing for February 10, 1975, and stated that the next attorney on the list would be appointed to represent the defendant at the preliminary hearing. The preliminary hearing was then continued to February 14, 1975. However, the record shows that the preliminary hearing was not held on the 14th of February, and that on April 4, 1975, the defendant, pro se, filed a motion for speedy trial or in the alternative for dismissal of the charges. On the 24th day of April, 1975, a preliminary hearing was held at which time the defendant was represented by another court appointed defense counsel. At the end of the preliminary hearing the defendant was bound over for trial with arraignment set for May 1, 1975. At arraignment the defendant entered a plea of not guilty and was given 20 days to file motions. On the 29th of May, defendant was granted three (3) further days in which to file motions. Trial was subsequently set for September 15, 1975, but was continued to September 19, when it became evident that defense counsel was involved in another trial on the 15th. On September 16, 1975, defendant filed a written demurrer to the information. The record does not reveal that any intervening jury term was held after May 29th and before September.

After the in camera hearing on the defendant's motion to dismiss the trial court in overruling the motion made the following remark:

"I don't think that as a matter of law constitutes a conscionable delay as envisioned by the Constitution of the State of Oklahoma or that of the United States Constitution."

We agree.

In the recent decision of *Bauhaus v. State*, Okl.Cr., 532 P.2d 434, this Court dealt with the right to a speedy trial. In that case, citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), this Court adopted a functional analysis approach or balancing test when determining whether a defendant has been deprived of his right to a speedy trial. Among those factors to be considered are the length of delay, reason for the delay, the defendant's assertion of his right and the prejudice to the defendant arising out of said delay. As stated in *Barker*, supra, prejudice should be assessed in light of the interests of the defendant. Such interests should include the prevention of oppressive pretrial incarceration, the minimizing of anxiety and concern of the accused and the limitation of the possibility that the defense might be impaired. See also *Schneider v. State*, Okl.Cr., 538 P.2d 1088.

In the instant case the defendant was already incarcerated for a term of 18 years on a prior conviction. The record reveals no actual anxiety or concern of the accused for an immediate trial since de-

fense counsel requested further time to file defense motions after arraignment and failed to file any until the 16th of September. There is no indication that the delay impaired the defense since the defendant stipulated to the evidence which would be presented by the State and presented no defense. The delay, as demonstrated by the record, did not drain the defendant of financial resources, curtail his associations, subject him to public obloquy or create anxiety. *United States v. Marion*, 404 U. S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468.

It is therefore our opinion, after balancing all factors involved, that under the facts of this particular case the defendant was not denied his right to speedy trial and his sole assignment of error is without merit. The defendant received a fair and impartial trial after waiving jury trial, no material right of the defendant was prejudiced and the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.