Duward X. WILLIAMS,
Petitioner-Appellant,

v.

STATE OF OHIO et al.,
Respondent-Appellees.

No. 76–1512.

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 7, 1976.

Decided Dec. 21, 1976.

Duward X. Williams, pro se.

William J. Brown, Atty. Gen. of Ohio, David J. Simko, Columbus, Ohio, for respondent-appellees.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Duward X. Williams appeals from the denial of his petition for a writ of habeas corpus.

On February 16, 1973, while represented by counsel, Williams was found guilty of first degree murder and sentenced to life imprisonment. His conviction was affirmed by the Richland County, Ohio, Court of Appeals. The Supreme Court of Ohio overruled the motion for leave to appeal and dismissed the appeal as a matter of right, for failure to present a substantial question.

After examining the record of the proceedings in the State trial court, District Judge Thomas D. Lambros dismissed the habeas corpus petition.

On appeal, Williams first contends that his fourth amendment rights were violated by an unlawful search of the apartment of one Lettie Jones without a search warrant.

The same contention was made by a motion to suppress in the State Court of Common Pleas, by appeal to the Ohio Court of Appeals and on appeal to the Supreme Court of Ohio.

Before the Ohio Court of Appeals, Williams contended as follows:

The trial court erred in denying Appellant's Motion to Suppress all Physical Evidence seized at Lettie Jones' apartment and any other evidence discovered as a

result of the search as it was the fruit of an unreasonable search and seizure in violation of Appellant's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

One of the grounds of the appeal of Williams to the Supreme Court of Ohio was that "The Fourth and Fourteenth Amendments to the United States Constitution forbid the use at trial of evidence obtained through an illegal search and seizure by police officers."

The record establishes that Williams has been afforded an opportunity for full and fair litigation in the State courts of Ohio of his claim that evidence obtained by an unconstitutional search and seizure was introduced at his trial.

We affirm the District Court on this issue on authority of *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067, 1088 (1976), where the Supreme Court said:

> In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. (Footnotes omitted.)

Finally, Williams contends that a statement made by him was admitted into evidence in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The ruling of Judge Lambros on this issue was as follows:

> After his arrest on June 27, 1972 outside the apartment of Lettie Jones, petitioner was taken to the police station where he was advised of his rights. He refused to make a statement and was returned to his cell. The investigation continued and an hour or so later, petitioner was again taken from his cell, advised of his rights and interrogation attempted. Again he refused to make a statement and was returned to his cell. Several hours passed and during this period, the police discovered that one of the other suspects was willing to make a statement implicating another suspect and the petitioner. The police once again brought petitioner from his cell, advised him of his rights and then confronted him with the suspect who was willing to make a statement. After this brief confrontation, petitioner signed a waiver of his rights and made two statements. Although transcribed, the statements were introduced at trial through the testimony of one of the interrogating officers. It is this testimony that petitioner contends violated his rights guaranteed under the Fifth Amendment as interpreted in *Miranda v. Arizona*, 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966).

> It is clear that petitioner was advised of his rights as required by the *Miranda* decision on at least three occasions and that prior to making the statements testified to at trial, he executed a written waiver of those rights. When petitioner indicated he did not wish to make a statement, the questioning ended. It was only after the confrontation with one of his co-conspirators who indicated that he would make a statement implicating petitioner that petitioner made any statement. Petitioner voluntarily gave those statements to police in an attempt to improve his own chances. The record clearly reflects that no impermissible coercion was used to obtain the statements and that petitioner understood precisely what he was doing when he waived his rights. Accordingly, the Court finds that petitioner's statements were not taken in violation of his Constitutional rights. *Michigan v. Mosley*, 423 U.S. 96 [96 S.Ct. 321], 46 L.Ed.2d 313 (1975) and *United States v. Gay*, 522 F.2d 429 (6th Cir. 1975). The second ground raised by petitioner is therefore insufficient to allow this Court to issue the writ requested.

The record fully supports the conclusions of the District Court.

Affirmed.