**Richard F. JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–175.**

Court of Criminal Appeals of Oklahoma.

May 23, 1979.

Rehearing Denied June 4, 1979.

Dennis W. Hladik, Johnston, Franklin & Hladik, Enid, for appellant.

Larry Derryberry, Atty. Gen., Joe H. Enos, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Richard F. Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Garfield County, Case No. CRF–77–1094, of the offense of Uttering and Passing a Bogus Check, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1541.2. His punishment was fixed at ten (10) years' imprisonment, and from said judgment and sentence an appeal has been perfected to this Court.

. Due to the nature of the assignments of error, only a brief recitation of the facts is necessary. The evidence established that on November 11, 1976, defendant purchased two suits at the S & Q Clothiers in Enid, Oklahoma. He paid for the suits with a check in the amount of $405.29, drawn on the First National Bank of Clinton, Oklahoma. The check was presented to the bank for payment and was returned unpaid because of insufficient funds. Defendant opened the account on November 8, 1976, with an $80.00 cash deposit. Approximately 16 to 18 other checks were subsequently drawn on the account during the month of November. These checks were likewise not paid by the bank due to insufficient funds. Restitution was made on the check in March, 1977, after the charges were filed.

Defendant asserts in his first assignment of error that he was denied his constitutional right to a speedy trial.

The record reflects the following occurred in chronological order: (1) information filed December 13, 1976; (2) defendant made initial appearance on March 15, 1977; preliminary hearing set for March 24, 1977, and defendant released on bond; (3) preliminary hearing continued to April 13, 1977; (4) preliminary hearing continued to April 14, 1977, because of absence of defendant; (5) defendant failed to appear on April 14, 1977; bond ordered forfeited and a bench warrant issued for his arrest; (6) defendant appeared on bench warrant on June 3, 1977; (7) preliminary hearing held on June 23, 1977, and defendant ordered bound over on June 30, 1977; (7) arraignment held on July 7, 1977, and defendant requested the case to be set on the next jury term; (8) on September 16, 1977, the date of jury trial, the State was permitted to dismiss without prejudice for the purpose of refiling in a different manner; (9) case refiled on September 16, 1977, charging defendant with Uttering and Passing a Bogus Check, After Former Conviction of a Felony; (10) motion to dismiss filed for lack of speedy trial on October 5, 1977; (11) October 27, 1977, defendant stipulated as to the evidence presented in his first preliminary hearing,

and was ordered bound over for trial; (12) on December 6, 1977, defendant reurged his motion to dismiss, which was overruled. Trial was had and the defendant was found guilty.

■ This Court has previously adopted the principles and guidelines to be utilized in resolving the question of whether a defendant has been afforded his constitutional right to a speedy trial as set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as follows: Length of delay, the reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant. See *Bauhaus v. State,* Okl.Cr., 532 P.2d 434 (1975). We have likewise held that these factors are not absolute but must be balanced together with other circumstances as may be relevant. See *Anderson v. State,* Okl.Cr., 556 P.2d 1006 (1976).

■■ We will consider the length of delay and the reason for the delay together, inasmuch as they are closely interwoven. Defendant argues that the length of delay of one year and three days between the date he was originally charged and the date he was tried was excessive. We must disagree with this assertion. The information was filed on December 13, 1976, but defendant did not make his initial appearance until March 15, 1977. He was released on bond and his preliminary hearing scheduled for April 13, 1977. Defendant failed to appear for preliminary hearing and was returned before the court on a bench warrant on June 3, 1977. We thus have a period of approximately six months during the pendency of this action during which time the defendant was at large and was being sought by the authorities. We have previously held that a defendant should not be permitted to urge a dismissal for delay when it is clear that he or she contributed to such delay. See *Rose v. State,* Okl.Cr., 509 P.2d 1368 (1973), and *Bauhaus v. State,* supra.

The record reflects that thereafter on June 6, 1977, until the scheduled date of trial, December 16, 1977, the defendant's case moved with proper dispatch. The State was permitted to dismiss the case without prejudice on that date for the purpose of refiling in a different manner. The case was refiled and ultimately came on for trial on December 6, 1977. The delay occasioned by the State was only a matter of three months, rather than one year and three days, as argued by the defendant. We are of the opinion that a delay of such a period of time, standing alone, is not sufficient to deprive the defendant of his right to a speedy trial. See *Wabaunsee v. State,* Okl.Cr., 554 P.2d 36 (1976). We would further observe that there was no showing that the State attempted to delay the trial in order to hamper defendant's defense. The delay necessitated by the State's refiling of an information alleging after former conviction of a felony was sufficient to justify the time period of less than three months. See *State v. Durham,* Okl.Cr., 545 P.2d 805 (1976).

Turning now to the third factor to be considered, the record reflects that defendant requested on July 7, 1977, that his case be placed on the next jury docket. This request was apparently complied with, and defendant's case was scheduled for trial on September 16, 1977. Defendant first asserted his right to a speedy trial on said date after the State was permitted to dismiss and refile. The defendant did properly preserve the record by timely asserting his right to a speedy trial.

■ We thus move on to the fourth and final factor, prejudice to the defendant. Although the defendant argues that the pretrial incarceration caused him anxiety and concern, we are of the opinion that such standing alone does not constitute sufficient prejudice. The record does not reflect, nor does defendant assert, that the delay impaired his defense in any manner. See *Speer v. State,* Okl.Cr., 553 P.2d 508 (1976).

Balancing the four factors together with other relevant circumstances, we are of the

opinion that defendant was not deprived of his right to a speedy trial.

■ Defendant contends in his second assignment of error that he was denied due process when the prosecuting attorney carried out his threat made during plea bargaining to charge defendant with after former conviction of a felony, if he did not accept the State's recommendation and plead guilty. We must disagree with this contention. In dealing with a similar proposition in *Bordenkircher v. Hayes,* 434 U.S. 357, 364–365, 98 S.Ct. 663, 668–669, 54 L.Ed.2d 604 (1978), the United States Supreme Court stated:

> ". . . In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501 [, 506,] 7 L.Ed.2d 446. To hold that the prosecutor's desire to induce a guilty plea is an 'unjustifiable standard,' which, like race or religion, may play no part in his charging decision, would contradict the very premises that underlie the concept of plea bargaining itself. Moreover, a rigid constitutional rule that would prohibit a prosecutor from acting forthrightly in his dealings with the defense could only invite unhealthy subterfuge that would drive the practice of plea bargaining back into the shadows from which it has so recently emerged. See *Blackledge v. Allison,* supra, 431 U.S. [63], at 76, 97 S.Ct. 1621 [, at 1630], 52 L.Ed.2d 136.

> "There is no doubt that the breadth of discretion that our country's legal system vests in prosecuting attorneys carries with it the potential for both individual and institutional abuse. And broad though that discretion may be, there are undoubtedly constitutional limits upon its exercise. We hold only that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment." (Footnotes omitted)

In the instant case, the defendant was free to either accept or reject the offer of the prosecuting attorney. He chose to decline such offer with full knowledge of the consequences thereof. The fact that the prosecuting attorney carried out his part of the bargain to charge defendant with a more serious offense of which he was subject to prosecution did not violate the Due Process Clause of the Fourteenth Amendment.

■ Defendant alleges in his third assignment of error that the trial court erred in allowing the introduction of evidence of other offenses when the banker was permitted to testify as to other checks written by defendant which were returned for insufficient funds. We agree with the trial court's ruling that such evidence was admissible to show common scheme, plan and motive. The witness testified that the defendant opened a checking account in the bank on November 8, 1976, with an $80.00 deposit. He thereafter executed 16 to 18 checks during the month on the account, the total value of which greatly exceeded the initial deposit. Such evidence was clearly admissible for the purpose of showing his intent and motive to obtain property by means of a false and bogus check. See *Gray v. State,* Okl.Cr., 527 P.2d 338 (1974).

■■ Defendant next urges that the trial court erred in overruling his motion for a mistrial based upon improper remarks made by the prosecuting attorney. The complained of remarks appear in the record as follows:

". . . The Christmas season has been thrown up. Well, that check was written before Thanksgiving. Sympathy? No sympathy. No sympathy when you determine guilt or innocence. Doesn't make any difference what season it is. By the way, I would probably submit to you that most of your con men, shoplifting, etc., probably is increased during that time."

After the defendant made his objection to the remark, the trial court admonished the jury not to consider said remark. We have repeatedly held that under such circumstances the admonition usually cures the error, if any, unless it is of such nature, after considering the evidence, that the error appears to have determined the verdict. See *Davidson v. State,* Okl.Cr., 550 P.2d 974 (1976). Considering the evidence as a whole, we cannot find that the remark would have had any effect on the jury's verdict.

■■■ Defendant asserts in his final assignment of error that the trial court erred when it overruled his motion for a continuance. Defendant argues that the continuance was necessitated for the reason that his only witness, his former wife, was absent and that a return had not been made on her subpoena. We have consistently and repeatedly held that the granting of a motion for a continuance is a matter addressed to the sound discretion of the trial court. Considering that defendant did not comply with the statutory requirements fundamental to all motions for continuances, we must find that the trial court did not err in refusing to grant the continuance. See 12 O.S.1971, § 668; and *Hux v. State,* Okl.Cr., 554 P.2d 82 (1976).

BRETT, J., concurs.

CORNISH, P. J., concurs in results.