**Dennis Bert SIMPSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–769.**

Court of Criminal Appeals of Oklahoma.

March 12, 1982.

Rehearing Denied April 14, 1982.

Jack N. Shears, Shears & Shears, Ponca City, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia Marie McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Dennis Bert Simpson, hereinafter referred to as defendant, was convicted of Robbery with Firearms, in Kay County District Court, Case No. CRF–79–80, was sentenced to ten (10) years' imprisonment, and he appeals.

On April 23, 1979, an armed robbery of Miller's Package Store occurred in Ponca City, Oklahoma, for which the defendant and his companion were arrested and charged. Some four hundred-sixty dollars ($460.00) and one pint of vodka were taken at gunpoint from the proprietor of the shop. As the gunman exited the store he was apprehended by local police who had been summoned by the discharging of a silent alarm unknown to the robber. The defendant, who was parked adjacent to the store, departed immediately when he observed the arrival of police, leaving his companion afoot to be arrested at the scene. Subsequently, the defendant was apprehended by a state trooper pursuant to a radio bulletin

broadcasting and describing the vehicle he was driving.

In his first assignment of error, the defendant contends that he was denied a speedy trial guaranteed him under the state and federal constitutions and, since defendant asserted a denial thereof prior to trial, the court was bound to dismiss the pending charge under 22 O.S.1971, § 812.[1] In addressing this issue, a brief history of the procedural events occurring in this case is necessitated.

On April 25, 1979, the defendant, along with a co-defendant (Gritzmaker), was charged with Armed Robbery of a Ponca City liquor store. Initial appearance before the local magistrate occurred on the same date; bond was set and preliminary hearings for each defendant were scheduled for June 8, 1979. Thereafter, the defendant applied for commitment to Western State Hospital on June 6, 1979, and on that date an order for commitment was entered by the district judge. The defendant was returned to the Kay County jail on June 14, 1979. It is procedurally important to note at this point that both the defendant and his co-defendant (Gritzmaker) had also been charged with an armed robbery in the adjoining county of Noble. This other charge allegedly occurred one or two hours earlier than the Ponca City robbery. On June 21, 1979, the defendant waived preliminary hearing and entered his pleas of guilty in Kay County to both charges of Robbery with Firearms and was sentenced to twenty five (25) years' imprisonment. (The Noble County case was transferred to Kay County

for acceptance of the pleas of guilty and imposition of the sentences).[2] The next occurrence was defendant's application to withdraw his pleas of guilty previously entered, and a hearing thereon was scheduled and held on July 30, 1979, with the defendant present.[3] At the conclusion thereof, the matter was continued until August 23, 1979, at which time the court sustained defendant's application to withdraw his plea of guilty. Next, the defendant filed his application for psychiatric evaluation and once again commitment to Western State Hospital. On November 29, 1979, the court took the application under advisement.[4] According to the felony appearance docket in this case, defense counsel was advised by Judge Doggett, on December 3, 1979, to file his motion for preliminary hearing. Thus, we come to the beginning of 1980 when defendant's case was scheduled for trial, which defense counsel asserts came too late.

In the matter at bar the defendant has asserted, regarding delay, that his case should have been scheduled for trial during the month of October, 1979, a regular criminal jury trial month, and at the latest by the first week of January, 1980. Under both time frames there is some support in the record that the defendant was still seeking a preliminary hearing.[5] However, no decision had been made to remand the case for a preliminary hearing and no motion to cause remand had been formally filed by the defendant. The delay amounts to no more than three (3) months since there is no question that defendant created further delay by the filing of his application for com-

---

1. Section 812 provides:

   If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown.

   The term, "term of court", used as a measure to determine whether an accused has received a speedy trial has been abolished. *Broadway v. State*, 494 P.2d 331, 336 (Okl.Cr.1972) and the term "term of court" no longer has a statutory meaning. *Daniels v. State*, 558 P.2d 405 (Okl. Cr.1977).

2. The Noble County charge of Robbery with Firearms, upon transfer, was assigned Kay County Case No. CRF–79–109. On the judgment and sentence all case numbers appear although two different numbers identify the same charge.

3. The defendant was now represented by a different attorney.

4. This motion was pending before Judge Page.

5. A preliminary hearing was conducted on February 7, 1980, the defendant's motion to dismiss having been denied on February 4, 1980.

mitment.[6] Thereafter, the defendant was informed that the court would consider his motion for preliminary hearing, suggesting some colloquy about this matter in December of 1979, resulting from a discussion of this issue at the conclusion of the hearing of August 23, 1979.[7]

■ The mere passage of time does not establish an unconstitutional delay of a speedy trial or due process. *Wood v. United States*, 317 F.2d 736 (10th Cir. 1963). There are four (4) guidelines to consider to consider in a speedy trial issue: Length of delay, cause of delay, waiver by defendant and prejudice to the defendant. *Bias v. State*, 561 P.2d 523 (Okl.Cr.1977); *State ex rel. Trusty v. Graham*, 525 P.2d 1231 (Okl. Cr.1974). Such factors, however, are not absolute but must be balanced together with other circumstances as may be relevant. *Jones v. State*, 595 P.2d 1344 (Okl.Cr. 1979).

■ With regard to prejudice to a defendant, the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), stated:

Prejudice, of course, should be assessed in the light of the interest of the defendants which the speedy trial right was designed to protect. This Court has identified three (3) such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

See, *Glover v. State*, 557 P.2d 922 (Okl.Cr. 1976); *Bauhaus v. State*, 532 P.2d 434 (Okl. Cr.1975). Also, the Supreme Court emphasized that *Barker v. Wingo* does not require an affirmative demonstration of prejudice as a requisite to a claim of denial of the right to speedy trial, the prejudice is not limited to prejudice of the defense of the accused. We have already noted, however, that the defendant was incarcerated not only for the Kay County charge of Robbery with Firearms but also for a like charge in the Noble County case. Defendant therefore has failed to demonstrate any prejudice. The delay was minimal, and he fails to demonstrate how he was prejudiced. This assignment is without merit.

■ The next proposition concerns a ruling by the trial court on the use of evidence of "other crimes." A hearing was held to decide whether the State would be permitted to introduce evidence of defendant's involvement in the armed robbery of a convenience store in Noble County, which had occurred one or two hours prior to the commission of the crime for which defendant was on trial. The court ruled that evidence of the other robbery was inadmissible and could not be presented by the State during its case in chief. Defendant moved for a ruling as to the admissibility of this evidence on rebuttal. The court did not rule thereon, and defendant sought to require the court to rule on this issue by way of a motion in limine, which the court considered premature. It is this action which defendant assigns as error. He argues that it placed him in the situation of not knowing whether to testify and risk the possibility of having evidence of the Noble County case presented by the State.

We have previously addressed whether evidentiary rulings on a motion in limine are absolute or merely advisory. In *Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977), we held:

[A] ruling on a motion in limine is merely advisory and not conclusive, and further hold that in order to properly preserve objections to the introduction of evidence which is the subject of the motion in

---

6. On November 29, 1979, the defendant presented his motion for psychiatric examination and commitment to Western State Hospital which was taken under advisement.

7. MR. SHEARS: I suppose I will have to file an application if he seeks to remand for preliminary hearing—it will be on the other side?

JUDGE PAGE: Yes, I believe you will need to file an application and if thats [sic] sustained, we'll set a preliminary hearing.

limine, objection must be made at the time the evidence is sought to be introduced. Similarly, when a motion in limine is sustained, the party seeking to introduce the evidence must at trial, but out of the hearing of the jury, make an offer of proof as to what the proper testimony would be, thereby giving the trial court an opportunity to make a final ruling with respect to it.

The relief defendant sought from the trial court was premature and, if granted, would have merely been advisory and inconclusive. It was impossible for the trial court to rule on the admission of the evidence when same was conditioned on an event yet to occur, the outcome of which was unknown. Although the defendant cites *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), as authority in support of his argument, we need only state that when evidence of other crimes is sought to be presented by the prosecution on rebuttal some defense has already been presented. It is at that stage of the trial that the court must determine the admissibility of the evidence for rebuttal, and not before. We, like the trial court, are not in a position to judge or gauge whether the evidence of the Noble County armed robbery would have been appropriate and permissible rebuttal evidence. This decision could not be made until a defense had been presented. Since this was not done, the ruling sought by the defendant would have been premature, inconclusive and not binding. For the reasons stated herein, we find this proposition to be without merit.

■ The defendant lastly contends that reversible error occurred during the final stage of the trial in this case. The defendant argues that the prosecuting attorney made several improper statements during his final closing arguments to the jury, the nature of which so prejudiced his case that reversal is necessitated. We have reviewed the alleged improper references and are of the opinion that they are not of a fundamental nature. In *Neal v. State*, 506 P.2d 936 (Okl.Cr.1973), this Court held that an improper statement made by the prosecution should be called to the attention of the trial court by a timely objection and *a re-quest made that the jury be admonished to disregard same*. In the instant case no admonishment was requested and therefore any objection thereto was waived. See also, *Carter v. State*, 521 P.2d 85 (Okl.Cr. 1974).

We find no merit to the errors alleged by the defendant, and the judgment and sentence appealed from is hereby AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.