**Clifford E. McDUFFIE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–513.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1982.

Lonny G. Long, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Jimmy D. Givens, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Clifford E. McDuffie, was tried and convicted before a jury in the District Court of Comanche County, Oklahoma for the offense of Uttering a Forged Instrument, After Former Convictions of Felonies pursuant to 21 O.S.1981, § 1592, Case No. CRF–80–169. He was sentenced to twenty-one (21) years' imprisonment and he appeals.

On the twenty-second day of January, 1980, the appellant cashed a check payable to himself in the amount of $200.00 at Herbs Discount No. 2 grocery store in Lawton, Oklahoma. The check was drawn upon the account of "M and B Construction", a company which had closed the account some time prior to the cashing of the check. One of the co-owners of the business testified that the handwriting on the check was neither his nor his partner's.

As part of the check cashing policy, the appellant was required to place a thumbprint in red ink on the back of the check. The thumbprint was later used to identify the appellant as the person who passed the bogus check. The appellant identified the check at trial and admitted that he cashed it, but claimed it was given him by a third person unknown to him as compensation for work performed.

The appellant first alleges that he was denied the right to a speedy trial mandated by Okla.Const. Art. 2, § 20. The established test in this State for determining whether a defendant has been deprived of his right to a speedy trial consists of a balancing of four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to a speedy trial; and 4) the prejudice to the defendant arising out of the delay. *Blades v. State,* 619 P.2d 875 (Okl.Cr.1979); *Bauhaus v. State,* 532 P.2d 434 (Okl.Cr.1975); *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

█ Applying these considerations to the present case, we look first to the length of the delay: 264 days. We do not say that the delay was presumptively prejudicial, yet we deem it of sufficient length to necessitate inquiry into the remaining three factors. See, *Barker v. Wingo,* supra.

█ The second step in our analysis is to consider the delay in light of the reasons given therefore. A review of the record reveals that part of the delay is attributable to the effort to secure court appointed counsel who could defend the appellant without conflict of interest. The appellant was represented by two consecutive court appointed attorneys who were permitted to withdraw for various reasons before receiving the assistance of counsel presently representing him. A continuance which spanned approximately seventy-three days was granted at the appellant's request shortly after the third and final appointment of counsel. Another delay was due in part to the illness of the appellant's attorney and to the failure of a witness for the State to appear at the preliminary hearing. Lastly, a delay was caused by the appellant's request for a transcript of his preliminary hearing.

We find that none of the delays was a product of bad faith or deliberate attempt to slow the process by either party. Each delay was for good cause, and was necessary to further the ends of justice and ensure that the appellant receive a fair and impartial trial. See, *Barker v. Wingo,* supra.

█ The third factor which we must consider bears little weight in our balancing process. It matters not whether the appellant demanded a speedy trial, because in the instance of one who is incarcerated prior to his trial, the law makes timely demand for him. *Brown v. State,* 384 P.2d 54 (Okl. Cr.1963); *In Re Gregory,* 309 P.2d 1083

(Okl.Cr.1957). Nonetheless, we note in passing that the appellant was afforded a trial approximately one month after his demand.

Our fourth and final consideration concerns the prejudice, if any, worked upon the appellant from the delays in this case. The appellant fails to demonstrate any prejudice; neither does the record reflect that any resulted. See, *Jones v. State,* 595 P.2d 1344 (Okl.Cr.1979).

■ Having properly and carefully balanced all considerations and relevant circumstances, we find that the appellant was not deprived of his right to a speedy trial.

The appellant next alleges that the check he cashed should not have been admitted into evidence, because no chain of custody was proven. We note that the appellant admitted on direct examination that he had cashed the check in question at Herb's No. 2 on the day in question. Having so identified the check and testified to its authenticity, the appellant should not now be heard to challenge its integrity. See generally, *Cook v. State,* 471 P.2d 477 (Okl.Cr.1970).

■ In addition to the foregoing reasons for affirming the appellant's conviction, we note that none of the errors presented and discussed herein were properly preserved for appeal in the appellant's motion for a new trial. The general language used by the appellant, "That the court made numerous and substantial errors in the rulings on the law and evidence over defendant [sic] objections." is not sufficient to put the trial judge on notice of errors complained of so that he or she may have an opportunity to take action to cure the error. *Ball v. State,* 509 P.2d 908 (Okl.Cr.1973). See also, *Hawkins v. State,* 569 P.2d 490 (Okl.Cr.1977). We emphasize that it is incumbent upon counsel for the defense to specifically state the reasons underlying the motion for a new trial to preserve the error on appeal.

The judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.