John Melvin ROBINSON, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-485.

Court of Criminal Appeals of Oklahoma.

June 5, 1986.

Rehearing Denied Aug. 4, 1986.

As Corrected Aug. 29, 1986.

Opio Toure, Asst. Appellant Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, John Melvin Robinson, Jr., was convicted by a jury in the District Court of Oklahoma County, Case No. CRF–83–5276, for the offense of Robbery with Firearms, After Former Conviction of Two or More Felonies. The jury assessed punishment at twenty (20) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict.

We affirm the judgment and sentence rendered by the jury, but remand the case for correction of the formal judgment and sentence filed herein.

On the afternoon of October 18, 1983, the appellant and an unknown accomplice en-

tered a Conoco Service Station in Northeast Oklahoma City, and robbed it of approximately $1,000. The appellant, in the process of the robbery, put a home-made knife to the face of the station attendant, Arminta Marshall, while his accomplice held a pistol. Ms. Marshall, later identified the appellant in a photographic line-up. At trial, appellant was convicted through the identification testimony of Ms. Marshall, and appellant's own confession to police.

## I.

In his first assignment of error, the appellant maintains the confession was rendered inadmissible by failure of the police to honor his request to remain silent. Appellant claims he asserted his right to remain silent to arresting officers, but was interrogated by police detectives the following day. We disagree with appellant's claim and affirm the ruling of the trial court, which permitted admission of the confession.

▮▮▮ Under the United States Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), law enforcement officers are required to inform an arrestee of his right to counsel and his right to remain silent before conducting a custodial interrogation. Although the assertion of either right requires the immediate cessation of all questioning by police, the particular right invoked has a differing impact on subsequent police conduct. *See United States ex rel. Riley v. Franzen*, 653 F.2d 1153, 1158 (7th Cir.1981) ("the invocation of a defendant's right to silence may have a different impact on the permissibility of subsequent police conduct than the invocation of his right to counsel"). Once an accused asserts his right to counsel, police cannot resume questioning until an attorney has been appointed for him, or until he initiates further conversations with police. *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981). *Accord Boutwell v. State*, 659 P.2d 322 (Okl.Cr.1983). On the other hand, questioning of a suspect who has asserted his

right to remain silent can resume if the suspect's initial assertion of the right was "scrupulously honored" by police. *Michigan v. Mosley*, 423 U.S. 96, 103, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). *Accord Lee v. State*, 661 P.2d 1345 (Okl.Cr.1983). The standards in these two situations differ due to the language of the Supreme Court in *Miranda* with regard to each right. In *Miranda*, the Court stated that when a suspect invokes his right to remain silent, "the interrogation must cease." In contrast, the Court also stated in *Miranda* that when an accused chooses to exercise his right to counsel, "the interrogation must cease until an attorney is present." The Court in *Mosley* thus rejected two alternate interpretations of *Miranda* that (1) *Miranda* should be read literally to mean that there can be no more questioning of a suspect once he asserts his right to remain silent, or (2) that only the immediate cessation of questioning is required, with renewal of questioning permissible after only a brief pause. The Court termed both interpretations "absurd and unintended." *Michigan v. Mosley, supra* 423 U.S. at 100, 96 S.Ct. at 325. *See also Brownfield v. State*, 668 P.2d 1165, 1167 (Okl.Cr.1983) (police "officers wholly failed to respect the appellants' right to cut off questioning, since there was no interruption in the interrogation after the men indicated that they wished to remain silent").

▮▮ The Court indicated in *Mosley* that the question of whether an accused's "right to cut off questioning" had been "scrupulously honored" should be determined on a case-by-case approach, applying the so-called "totality of the circumstances" test to the question of a valid renewal of interrogation after initial assertion of the right. *Michigan v. Mosley, supra* 423 U.S. at 104, 96 S.Ct. at 326. The Court found the request of the accused in *Mosley* to remain silent was scrupulously honored when (1) he was not approached again for two hours; (2) he was given new warnings; (3) he was questioned by a different detective; and (4) he was questioned regarding an offense different from the one for which

he was in custody. *Id.* at 104, 96 S.Ct. at 326–7. In this case, we likewise find that the accused's request was "scrupulously honored" by police. After his initial assertion of the right, the appellant was not questioned until a day later, was given new warnings, and was questioned by a different detective. Furthermore, it appears the second interrogation was initiated by police in part to advise appellant that Ms. Marshall had identified him, in a photo line-up, as one of the robbers. *Cf. Williams v. State of Ohio*, 547 F.2d 40, 41 (6th Cir. 1976) (appellant's right to cut-off questioning was scrupulously honored when police reinitiated interrogation, advised him again of his rights, and confronted him with the confession of a co-defendant). This assignment of error is without merit.

## II.

■ Next, the appellant challenges the failure of the trial judge to give his requested cautionary instruction on eye-witness testimony. However, we agree with the trial judge that such an instruction was not warranted by the evidence presented.

We held, in *Melot v. State*, 375 P.2d 343 (Okl.Cr.1962), that

> [w]here the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received [by the jury] with caution....

*Id.* at 350, *quoting Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954). In this case, the witness, Ms. Marshall, had seen the appellant inside the store on several occasions, as he apparently was a regular customer. The record indicates that during the robbery she was able to clearly view him. Furthermore, there is no indication in the record that she ever failed to identify the accused, and her identification at trial remained positive after a thorough and probing cross-examination by defense

counsel. Finally, the accuracy of the identification was not challenged, a factor we considered in *McDoulett v. State*, 685 P.2d 978 (Okl.Cr.1984). The trial court did not err in refusing this instruction. The assignment of error is without merit.

## III.

Finally, the appellant argues that the trial court incorrectly applied 21 O.S.1981, § 801, when he attached to the judgment and sentence the comment that "[t]he sentence imposed upon the defendant shall not be reduced to less than (10) calendar years ... nor shall the defendant be eligible for ... parole or receive any deduction from the defendant's sentence for good conduct until the defendant has served (10) calendar years of this sentence." The trial court's order mirrors the language of section 801, as it applies to this appellant.

■ However, we decline to consider the applicability of this statute, as it has not yet been applied, and, therefore, appellant has failed to demonstrate harm. If appellant is denied parole or deduction of sentence due to the application of this statute, then, and in the event, the statute may be challenged in a collateral proceeding.

■ Although we affirm the verdict of guilt and the sentence imposed, in all its particulars, we must remand this case for correction of the formal Judgment and Sentence. The formal Judgment and Sentence document before this Court indicates appellant was convicted of "Robbery with Firearms *After Former Conviction of a Felony*" (Emphasis added). This is at variance with the jury's verdict on sentencing, which recites that the appellant was convicted of Robbery by Firearms "After Former Conviction of Felonies." Appellant admitted on the witness stand his two prior felony convictions. Therefore, the case is remanded in order to amend the formal Judgment and Sentence documents to read "Robbery with Firearms After Former Conviction of Two Felonies."

The judgment and sentence of the District Court is REMANDED for amendment

of the formal Judgment and Sentence documents, but is otherwise AFFIRMED.

BRETT and BUSSEY, JJ., concur in result.