Larry Robert HANSFORD, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-87-77.

Court of Criminal Appeals of Oklahoma.

Nov. 15, 1988.

Lisbeth McCarty, Asst. Appellate, Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

**BUSSEY, Judge:**

Larry Robert Hansford, appellant, was tried by jury, along with co-defendant David Michael McCormack for the crime of Burglary in the Second Degree, After Former Conviction of a Felony in violation of 21 O.S.1981, § 1435, in Case No. CRF–85–33 in the District Court of Creek County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at ten (10) years imprisonment. The trial court sentenced appellant

accordingly. From this judgment and sentence, appellant appeals to this Court.

On December 17, 1984, upon returning home from work, Ms. McClung noticed a white van parked in her driveway. Ms. McClung pulled in behind the van and parked her car. She got out of her car and began to walk around the side of her house. At the back, she encountered a man, whom she later identified as the appellant. After a brief conversation, Ms. McClung asked the appellant to leave her house. As he was driving away in the van, Ms. McClung made a notation on a piece of paper of the van's license tag number and a description of the appellant.

As Ms. McClung started back around her house, she noticed some fingers underneath the garage door trying to push it open. She proceeded inside her home, where she noticed that some personal items had been moved. She then encountered a second man, whom she later identified as co-defendant McCormack. The man ran back into the garage, trying to escape. Ms. McClung followed, grabbing an axe and threatening the man if he did not get out of her house. The man ran back into the house and ran through a plate glass door. Ms. McClung went to a neighbor's house and called the police.

For his first assignment of error appellant asserts that the evidence was insufficient to sustain his conviction because the identification by the victim was patently unreliable. In *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court set forth factors to be considered when determining whether an in-court identification was tainted by a pretrial confrontation. These factors include:

1) the prior opportunity of the witness to observe the defendant during the alleged criminal act;

2) the degree of attention of the witness;

3) the accuracy of the witness' prior identification;

4) the witness' level of certainty; and,

5) the time between the crime and the confrontation.

*See also Porter v. State,* 674 P.2d 558, 559 (Okl.Cr.1984).

Applying the factors, we find the following:

1) Ms. McClung viewed the appellant for approximately forty-five seconds in a face-to-face conversation, at a range of four feet; 2) Ms. McClung devoted a great deal of attention to the man since her home had been burglarized before and she realized the importance of a future identification. She also wrote down a detailed description of the man immediately after he left; 3) her description of the appellant was accurate even though the appellant was an Indian and she had described him as a white male; 4) Ms. McClung identified the appellant from a photographic line-up, and while she had some hesitation, she was positive in her identification in a subsequent live line-up; and 5) Ms. McClung picked out the appellant's photograph approximately two months after the burglary, positively identified him at the preliminary hearing and also at the trial. Under the totality of the circumstances, and it appearing to this Court that the identification was based upon the witness' observation during the commission of the crime, we find that the identification was proper. This assignment of error is without merit.

Appellant next complains that the prosecutor erred by improperly commenting on his co-defendant's right to remain silent. We disagree. During the trial, a defense witness attempted to offer a statement previously made by the co-defendant. The prosecutor interposed an objection, stating that, "I have no chance to cross-examine the person who's offering the hearsay." The objection was sustained. Before a purported comment at trial on a defendant's failure to testify will constitute reversible error, the comment must directly and unequivocally call attention to that fact. *Mahorney v. State,* 664 P.2d 1042, 1046 (Okl.Cr.1983). We cannot say that the prosecutor's comment constituted error.

Appellant also argues that during the sentencing stage of trial, the prosecutor improperly put the issue of parole before the jury. Appellant's complaint con-

cerns the prosecutor's cross-examination of his co-defendant as to time actually served on a prior conviction. While we do not condone such questioning, *Jones v. State*, 554 P.2d 830, 836 (Okl.Cr.1976), we do not believe that such inquiry during the second stage requires reversal. Moreover, in the present case, considering that the questioning pertained to the co-defendant, and that the appellant received the minimum sentence allowed by law, we find nothing to warrant a modification of appellant's sentence. *See, Caffey v. State*, 661 P.2d 897, 903 (Okl.Cr.1983). This assignment of error is without merit.

Appellant next alleges that he was denied his right to a speedy trial. After both sides had presented their cases, but prior to closing arguments, co-defendant's counsel suffered a severe illness and had to be hospitalized. The trial judge questioned both parties and the jury and decided to continue the trial. After a thirty-nine day delay, the trial was resumed.

The mere passage of time does not establish an unconstitutional delay of a speedy trial or due process. *Simpson v. State*, 642 P.2d 272, 275 (Okl.Cr.1982). There are four factors to consider in a speedy trial issue: length of delay, cause of delay, waiver by defendant and prejudice to the defendant. *McDuffie v. State*, 651 P.2d 1055, 1056 (Okl.Cr.1982).

Initially, it is obvious that the thirty-nine day delay was beyond the control of both the appellant and the State. While the delay was unfortunate, we cannot say that it was presumptively prejudicial. Moreover, the record is bare of any objection by the appellant to the continuance. Finally, the appellant fails to demonstrate any prejudice, nor does the record reflect that any resulted. *See Jones v. State*, 595 P.2d 1344 (Okl.Cr.1979). Having properly and carefully balanced all considerations and relevant circumstances, we find that the appellant was not deprived of his right to a speedy trial.

In his fourth assignment of error, appellant contends that the sentence imposed is erroneous and therefore warrants modification. Appellant's contention is based on the discrepancy between the verdict he received for "Burglary in the Second Degree After Former Conviction of a Felony" and the judgment and sentence document which reads "Burglary in the Second Degree."

The record reveals that the jury's verdict on sentencing recites that the appellant was convicted of Burglary in the Second Degree "After Former Conviction" and his punishment set at ten (10) years incarceration. However, the "after former conviction" was omitted from the formal judgment and sentence. Therefore, this case must be remanded in order that the formal judgment and sentence document may be amended to read "Burglary in the Second Degree After Former Conviction of a Felony." *See Robinson v. State*, 721 P.2d 419, 422 (Okl.Cr.1986).

Finally, appellant argues that the accumulation of errors in this case denied him of his right to a fair trial. This Court has consistently held that when there is no individual error, there can be no accumulation of error. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984). Appellant's final assignment is without merit.

The judgment and sentence of the District Court is REMANDED for amendment of the formal judgment and sentence document, but is otherwise AFFIRMED.

BRETT, P.J., and PARKS, J., concur.