FILED
United States Court of Appeals
Tenth Circuit

August 6, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RAYMOND DAVID MAIXNER,

Petitioner-Appellant,

v.

JAMES RUDEK, Warden,

Respondent-Appellee.

No. 12-6043

(W.D. of Okla.)

(D.C. No. 5:10-CV-01027-W)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Raymond Maixner, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to appeal the district court's denial of his habeas petition pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Maixner's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Because the district court correctly disposed of Maixner's petition, we DENY the application for a COA and DISMISS the appeal.

# I.  Background

An Oklahoma jury convicted Maixner of unauthorized use of a motor vehicle, attempted aggravated eluding a police officer, possession of a firearm after former conviction of a felony, and resisting arrest.  He was sentenced to a total of 33 years imprisonment.  Maixner unsuccessfully appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA).

Maixner then filed a petition for writ of habeas corpus raising three grounds for relief: (1) the trial court failed to require the state to provide a race-neutral explanation for the exercise of its peremptory challenges against minority jurors in violation of Maixner's due process rights, as determined by the United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79 (1986) and *Powers v. Ohio*, 499 U.S. 400 (1991); (2) the state presented insufficient evidence  to support Maixner's conviction in violation of his right to due process; and (3) the court allowed Maixner's involuntary statements to police to be admitted into evidence in violation of his constitutional right to remain silent.

The matter was referred to a magistrate judge, who recommended that the petition be denied.  The district court adopted the recommendation, and this appeal followed.

# II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1). To receive a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When, as here, a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). A state court's factual findings are presumed to be correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Maixner renews on appeal three issues he raised below.

## A. Batson *Challenge*

Maixner first argues the prosecution applied impermissible racial factors in using peremptory challenges to strike minority jurors.

Under *Batson*, a defendant challenging the use of peremptory strikes during jury selection must make a *prima facie* showing that the prosecutor exercised a peremptory challenge for purposeful discrimination. *Id.* at 93–94. Only then

does the burden shift to the prosecution to articulate a race-neutral reason for striking the juror in question. *Id.* After reviewing the record, the OCCA found that Maixner failed to make the requisite *prima facie* showing of invidious intent at the time of his objection, and the trial court properly overruled the objections without requiring the state to articulate a race-neutral reason for the peremptory strikes.[1]

In each of the challenged instances, it is apparent from the record that the State struck the prospective juror for race-neutral reasons. One of the prospective minority jurors was only 18 years old; another prospective juror described an unsatisfactory experience with a district attorney and an untruthful police officer, and had a cousin who had been convicted of murder. A third prospective juror had a friend who was convicted of murder.

Maixner has not demonstrated that the OCCA's decision was an objectively unreasonable application of *Batson*. *See Saiz v. Ortiz*, 392 F.3d 1166, 1178 (10th Cir. 2004) ("We may infer from the trial court's decision not to go on to step two of the *Batson* analysis (asking the prosecution to explain its peremptory strike) that it concluded that Saiz had failed to establish a *prima facie* case of discrimination . . . .").

---

[1] At trial, after defense counsel objected under *Batson* arguing that the exclusion "appears" to be racially motivated, the "Court stated, 'okay' and overruled" the objection. R., Vol. 1, at 8.

### B. Sufficiency of the Evidence

The OCCA also rejected Maixner's claim that the evidence presented at trial was not sufficient to support his convictions for attempted aggravated eluding a police officer and possession of a firearm after a prior felony conviction.

Due process protects a criminal defendant from conviction unless every element of the crime charged is proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). Review of a jury verdict for sufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) requires that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Maixner alleges that the state failed to prove two elements—that he (1) "endangered another person" (an aggravating element of attempt to elude a police officer under Okla. Stat. tit. 21, § 540(A)(B)), and (2) failed to show, for purposes of the charge pertaining to firearm possession, that the "weapon in this case was capable of discharging a projectile." R., Vol. 1, at 10.

The OCCA determined that, under *Jackson*, the essential elements of the charged offenses were satisfied by sufficient evidence. First, the state presented evidence that the officers themselves were in danger due to the high rate of speed involved in Maixner's attempt to elude officers. Second, under state law, whether

or not the firearm in the suspect's possession was capable of firing is not an element that must be proven to sustain a conviction of possession of a firearm by a felon. *See Sims v. State*, 762 P.2d 270, 272 (Okla. Crim. App. 1988) (interpreting Okla. Stat. tit. 21, § 1283).

Both of Maixner's challenges to the sufficiency of the evidence are grounded in state law, and the OCCA's interpretation of state law is binding on this court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Accordingly, the OCCA's decision is neither contrary to, nor an unreasonable application of Supreme Court law.

### C.  Admission of Maixner's Statements to Police

Maixner's final challenge to his convictions is based on his claim that his statements to police officers were inadmissible because the statements were not knowingly or voluntarily made.

The totality of the circumstances must be considered when reviewing a confession for voluntariness. *See Withrow v. Williams*, 507 U.S. 680, 689 (1993). In response to an officer's question, Maixner said that he was scared, had a gun, and was a felon. Maixner asserts that he made the statements while in the hospital "with probes still stuck in his chest from being tazed [sic] by Police, and he had just eaten a large quantity of ice cocaine, and was beaten by police several times . . . ." R., Vol. 1, at 12.

The trial court held a pre-trial hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964), to determine the voluntariness of Maixner's statements to police. The officer who took the statements testified that Maixner was alert and did not seem to be under the influence of alcohol or drugs. The officer also testified that he read Maixner his Miranda rights and that Maixner waived his right to an attorney and agreed to speak with him. Based on this testimony, the trial court overruled Maixner's motion to suppress the statements, finding they were voluntary and thus admissible. After considering the totality of the circumstances, the OCCA affirmed the trial court's decision.

We find no fault with the OCCA's application of Supreme Court law. Based on our own review of the record, the OCCA adequately identified the correct legal standard and applied it reasonably.

## III. Conclusion

For all of these reasons, we DENY Maixner's application for a COA, and DISMISS the petition. We DENY Maixner's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge