**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WAYNE DUKE KALBAUGH,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 19-6151
(D.C. No. 5:18-CV-00951-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Wayne Duke Kalbaugh, an Oklahoma state prisoner proceeding pro se,[1] seeks

a certificate of appealability (COA) to challenge the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254. Kalbaugh also seeks to

proceed *in forma pauperis* and requests that this court appoint him counsel and

enlarge the record on appeal. Because Kalbaugh has failed to satisfy the standard for

the issuance of a COA, we deny his request and dismiss this matter. We also deny his

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Kalbaugh proceeds pro se, we construe his pleading liberally, but we do not act as his advocate. *E.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003) (citing *Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992)).

request for appointment of counsel and his request to enlarge the record. Finally, we grant his request to proceed *in forma pauperis*.

## BACKGROUND

In November 2014, Kalbaugh led Oklahoma police on a high-speed pursuit through multiple counties. *Kalbaugh v. Martin*, No. CIV-18-951-C, 2019 WL 4666360, at *1 (W.D. Okla. July 23, 2019), *report and recommendation adopted*, No. CIV-18-951-C, 2019 WL 4658368 (W.D. Okla. Sept. 24, 2019). When Kalbaugh ended the chase, he exited the car with two firearms and a knife. *Id.* Kalbaugh was arrested and a search of his vehicle yielded "a kit of smoking pipes, scales, and small plastic baggies" with "[m]ethamphetamine residue," along with two more firearms. *Id.* Kalbaugh was tried in Oklahoma state court for "aggravated attempting to elude an officer (Count 4), possession of methamphetamine (Count 5), possession of a firearm after conviction of a felony (Count 6), and possession of an offensive weapon in the commission of a felony (Count 8), all after former conviction of two or more felonies."[2] *Id.*

At trial, Kalbaugh "admitted (1) that he was a multiple felon, (2) that all the firearms [found on his person and in the vehicle] were his, and (3) that he had smoked methamphetamine shortly before the chase." *Id.* The jury found Kalbaugh guilty on all four counts. *Id.* The trial court judge sentenced Kalbaugh "to consecutive sentences of thirty years' imprisonment on Count 4, fifteen years' imprisonment on Count 5, twenty-five years' imprisonment on Count 6, and thirty years' imprisonment on Count 8," for a

---

[2] The state dismissed the other counts before Kalbaugh's trial. *Kalbaugh*, 2019 WL 4666360, at *1 n.2.

total of 100 years' imprisonment. *Id.* Kalbaugh filed a direct appeal with the Oklahoma Court of Criminal Appeals, which affirmed his convictions and sentences on all counts. *Id.* at *2. Kalbaugh then filed a habeas petition with the Oklahoma District Court for the Western District of Oklahoma, seeking relief under 28 U.S.C. § 2254. *Id.* Kalbaugh sought relief under ten separate grounds, arguing (1) the admission of other bad-acts evidence violated the Fifth and Fourteenth Amendments, (2) insufficient evidence supported his convictions, (3) his convictions under Count Six and Count Eight violated the "Double Jeopardy Clauses" of the United States Constitution and an Oklahoma statute, (4) multiple instances of prosecutorial misconduct, (5) his Fifth and Fourteenth Amendment rights were violated "by the admission of multiple felonies from the same transaction for sentence enhancement," (6) the trial court applied an improper sentencing enhancement, (7) the trial court made an "instructional error" that denied him a "fair trial," (8) multiple instances of ineffective assistance of counsel, (9) the trial court improperly refused to give credit for time served, and (10) cumulative trial errors warranting a new trial. *Id.* at *3.

The magistrate judge, in a report and recommendation, recommended that habeas relief be denied. *Id.* at *16. Kalbaugh filed objections to the report and recommendation. The district court considered Kalbaugh's objections, adopted the magistrate judge's report and recommendation, and overruled Kalbaugh's objections. *Kalbaugh v. Martin*, No. CIV-18-951-C, 2019 WL 4658368, at *1 (W.D. Okla. Sept. 24, 2019). The district court determined that Kalbaugh's claims did not warrant relief, so it denied his petition. *Id.* The district court also denied Kalbaugh's request for a COA. Kalbaugh now seeks a

3

COA from this court. He raises ten claims, the same ten raised in the district court, and we discuss each in turn.

**DISCUSSION**

The Oklahoma state courts adjudicated Kalbaugh's claims on the merits, so to obtain habeas relief he must show that "the state court[s'] decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[.]" *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011) (internal quotation marks and citations omitted) (quoting 28 U.S.C. § 2254(d)(1), (d)(2)). Kalbaugh "must show that the state court's ruling[s] on the claim[s] being presented in federal court w[ere] so lacking in justification that there w[ere] . . . error[s] well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (explaining that this standard was intended to be hard to meet).

To appeal the district court's dismissal of his § 2254 petition, Kalbaugh must first obtain a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may be granted only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Our COA analysis "is not coextensive with a merits analysis" and is limited to the question of "whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

4

to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S.Ct. 759, 773 (2017) (quoting *Cockrell*, 537 U.S. at 327). For the reasons discussed below, we determine that reasonable jurists would agree that the district court's decision was not debatable, so we deny Kalbaugh's request for a COA.

## I. Admission of Other-Acts Evidence

Kalbaugh first argues that the trial court erred in admitting evidence that he "was a drug dealer involved in the dope game handling large quantities of meth." Appellant's Opening Br. 11. Kalbaugh argues that this evidence was admitted for the improper purpose of showing he had a "propensity to commit crimes," violating his due-process rights.[3] *Id.* at 11–12.

Generally, "[f]ederal habeas review is not available to correct state law evidentiary errors." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999); *see also* 28 U.S.C. § 2254(d). But if the complained-of "evidence [that] is introduced . . . is so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991).

---

[3] Kalbaugh also argues that this evidence violated Oklahoma state statutes, but we decline to consider any allegations of state-law violations. Kalbaugh's state-law claims have no place in "a federal court's habeas review of a state conviction." *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The Supreme Court has "reemphasize[d] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "federal court[s are] limited to deciding whether a conviction violated the constitution, laws, or treaties of the United States." *Id.* at 67–68 (citations omitted). To the extent that Kalbaugh's remaining claims also raise state-law claims, we decline to consider those for the same reason. *See id.*

On direct appeal, the Oklahoma Court of Criminal Appeals ruled that the statements that Kalbaugh complains of were "closely connected with the charges and explained certain facts" that were relevant to giving the jury a complete understanding of the entire criminal transaction. Suppl. R. at 15. We agree that the admitted evidence complained of by Kalbaugh "demonstrated both context and consciousness of guilt and could not logically be separated from the charged crimes." *Kalbaugh*, 2019 WL 4666360, at *4. And given the relevance of the admitted evidence, Kalbaugh fails to show that the Oklahoma Court of Criminal Appeals erred in concluding that the evidence did not render his trial fundamentally unfair. *See Holland v. Allbaugh*, 824 F.3d 1222, 1230 (10th Cir. 2016). As such, reasonable jurists could not debate whether a due process error occurred.

## II.     Insufficiency of the Evidence

Kalbaugh next argues that the prosecution failed to present sufficient evidence to support his conviction for possession of a firearm after a felony conviction (Count Six), violating his Fifth and Fourteenth Amendment rights to due process. He argues that "[t]he charge of possession of a firearm [after conviction of a felony] requires the state to prove that the firearm was capable of discharging a lethal projectile." Appellant's Opening Br. 12. The Oklahoma Court of Criminal Appeals rejected this argument, concluding that the Oklahoma statute has no such requirement, and even if it did "a rational juror could have inferred as much from the testimony of the officers who examined the weapons." Suppl. R. at 15.

We review a § 2254 sufficiency-of-the-evidence claim under a "twice-deferential standard," *Parker v. Matthews*, 567 U.S. 37, 43 (2012), asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Kalbaugh's argument fails at the outset, because under Oklahoma law, "whether or not the firearm in the suspect's possession was capable of firing is not an element that must be proven to sustain a conviction of possession of a firearm by a felon." *Maixner v. Rudek*, 492 F. App'x 920, 923 (10th Cir. 2012) (unpublished) (citing *Sims v. State*, 762 P.2d 270, 272 (Okla. Crim. App. 1988) (interpreting Okla Stat. tit. 21, § 1283)). The statute instead makes it unlawful for a felon to knowingly and willingly possess "any pistol, imitation or homemade pistol, altered air or toy pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm." Okla. Stat. Ann. tit. 21, § 1283(A) (West 2014). Because there is no "lethal projectile" requirement under section 1283, we conclude that no reasonable jurists would debate whether the district court's denial of this claim was objectively unreasonable.

## III.   Double Jeopardy

For his third ground, Kalbaugh argues that his convictions under both Count Six and Count Eight violated the "double jeopardy clause[] of the federal constitution" because "the same firearms were on the person and in the possession of Mr. Kalbaugh during the same incident, at the same place[,] and during the same course of events[,] forming" the factual basis for both counts. Appellant's Opening Br. 13–14 (capitalization removed). Kalbaugh argues that "[t]he Blockburger test will

7

support [his] position on the issue of Double Jeopardy." *Id.* at 14. On direct appeal,

the Oklahoma Court of Criminal Appeals determined that there was a "sufficient factual

distinction between the two firearm-related crimes (one for merely possessing firearms,

the other for using them in the commission of another felony) to warrant cumulative

punishments." *Kalbaugh*, 2019 WL 4666360, at *7 (citations omitted); Suppl. R. at 16.

In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court

concluded that "where the same act or transaction constitutes a violation of two distinct

statutory provisions, the test to be applied to determine whether there are two offenses or

only one, is whether each provision requires proof of a fact which the other does not." *Id.*

at 304. To convict Kalbaugh under Count Six, felonious possession of a weapon, the jury

had to conclude that Kalbaugh (1) "knowingly and willfully," (2) possessed,[4] (3) a pistol,

(4) after being convicted of a felony. Instruction No. 6-39, OUJI-CR(2d); *see also* Okla.

Stat. Ann. tit. 21, § 1283(A) (West 2014). And to convict Kalbaugh under Count Eight,

use of a firearm while committing a felony, the jury had to conclude that Kalbaugh was a

person who had, (1) "knowing," (2) "willful," (3) "possession of," (4) a firearm or

"offensive weapon" (including knives), (5) while committing or attempting to commit the

felony, (6) satisfy the elements of the underlying felony, and (7) "possession of the

weapon was connected to the commission or" attempted commission of "the felony."

---

[4] Alternatively, instead of possessing a firearm on his person, Kalbaugh could have satisfied the second element by merely operating a vehicle that had a firearm in it. *See* OUJI-CR-6-39; Okla. Stat. Ann. tit. 21, § 1283(A) (West 2014).

8

Instruction No. 6-38OUJI-CR(2d); *see also* Okla. Stat. Ann. tit. 21, § 1287(A) (West 2014).

Thus, Count Six requires the person possessing the firearm be a felon, while Count Eight requires that the person possessing the firearm be "committing or attempting to commit a felony." *Compare* § 1283(A), *with* § 1287(A). Because the statutes require "proof of a fact which the other does not," reasonable jurists would agree that the district court's decision was not debatable, so we deny Kalbaugh a COA on this ground.

## IV.    Prosecutorial Misconduct

Kalbaugh next argues that his right to due process was violated because of prosecutorial misconduct, alleging three separate instances: (1) that the prosecutor improperly argued "other crimes" evidence, (2) that the prosecutor asked improper questions during cross-examination, and (3) that the prosecutor made improper statements with the sole intent of inflaming the "passions of the jury." Appellant's Opening Br. 15 (capitalization removed). When a petitioner does not allege a specific constitutional right affected by the prosecutor's conduct, he will only be entitled to habeas relief if the prosecutor's conduct is so egregious that it renders the entire trial fundamentally unfair. *See Littlejohn v. Trammell*, 704 F.3d 817, 837 (10th Cir. 2013) (listing as an example "the privilege against compulsory self-incrimination, as to amount to a denial of that right" (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974))); *see also Patton v. Mullin*, 425 F.3d 788, 811 (10th Cir. 2005) (listing "the presumption of innocence or privilege against self-incrimination" as examples of "specific constitutional

9

rights"). The Oklahoma Court of Criminal Appeals concluded that there was no prosecutorial misconduct, and the district court agreed, denying Kalbaugh relief on this claim.

We adopt the district court's thorough analysis and conclude that reasonable jurists would agree that Kalbaugh's trial was fundamentally fair. As such, he is not entitled to relief on this claim.

## V.     Improper Sentence Enhancement for Same-Transaction Felonies

Kalbaugh next argues that the trial court erred by using "felonies from the same transaction" to improperly enhance his sentences. Appellant's Opening Br. 16–17. Kalbaugh testified to having three prior felony convictions but argues that those felonies were part of the same transaction and that the prosecution made improper "repeated references to them in both the guilt and punishment closing argument," conduct that he alleges resulted in plain error.[5] *Id.* at 17.

Because this argument challenges the admission of evidence, we must determine whether reasonable jurists could debate the state court's determination that this evidence did not render Kalbaugh's trial fundamentally unfair. *See Payne*, 501 U.S. at 825;

---

[5] Kalbaugh also argues that his "transactional priors" error claim is also an Equal Protections Clause violation claim, Appellant's Opening Br. 17–18, but because Kalbaugh raised this argument for the first time in a reply brief only, the district court declined to address it. *Kalbaugh*, 2019 WL 4666360, at *10 n.6. And because an argument raised for the first time in a reply brief is not a properly presented argument, *see Tyler v. Mitchell*, 416 F.3d 500, 504–05 (6th Cir. 2005), we decline to consider it for the first time on appeal, *Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13 (10th Cir. 2013) (citing *Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005)).

*Gibson*, 191 F.3d at 1275. The Oklahoma Court of Criminal Appeals rejected this claim, noting that "[o]nly two prior felony convictions were needed to achieve the sentence ranges" for Kalbaugh's charges and Kalbaugh's "real complaint is that in closing argument, the prosecutor briefly referred to three counts in one of the prior cases as separate crimes." Suppl. R. at 17. But Kalbaugh has five felony convictions, so the court went on to conclude that there was no plain error. The district court agreed and denied Kalbaugh relief on this claim. *Kalbaugh*, 2019 WL 4666360, at *11.

After a review of the record, we adopt the district court's thorough analysis and conclude that reasonable jurists would not dispute whether this evidence rendered Kalbaugh's trial fundamentally unfair.

## VI.     Improper Sentence Enhancement

For his sixth ground for relief, Kalbaugh argues that the trial court erred by improperly enhancing his sentence for possession of an offensive weapon in the commission of a felony (Count Eight). Because this claim raises only a state-sentencing issue, we are generally bound by the interpretation announced by the Oklahoma Court of Criminal Appeals. *See Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994) ("We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law.").

The district court accepted the findings from the Oklahoma Court of Criminal Appeals that though the "trial court's sentence-range instruction on Count 8 was in fact

11

erroneous for other reasons, . . . that error inured to Appellant's benefit." Suppl. R. at 17.[6] The court then concluded that "[a] conviction under § 1287 is subject to enhancement like any other violent crime, unless all other prior convictions are for that offense as well" and denied Kalbaugh relief on this ground. *Id.* The district court also determined that Kalbaugh makes no argument rebutting "the presumption of correctness this Court gives to the O[klahoma Court of Criminal Appeal]'s implicit factual finding that none of his priors fell under § 1287 and, notably, the record supports [this] decision." *Kalbaugh*, 2019 WL 4666360, at *12. We see no argument that any of Kalbaugh's prior felony convictions fell under section 1287, thus we conclude that reasonable jurists could not debate the district court's determination, and we deny Kalbaugh a COA on this issue.

## VII.   Jury Instructions

As his seventh ground for relief, Kalbaugh argues that the trial court made several "instructional error[s that] denied" him his constitutional right to a fair trial. Appellant's Opening Br. 20–22. Kalbaugh argues that (1) the trial court erred in refusing to issue a "lesser related offense" jury instruction, (2) the trial court erred in refusing to issue a "cautionary other crimes" instruction and an "appropriate range of punishment" jury instruction, and (3) "defense counsel failed to object" to the "range of punishment" jury instruction, a derivative argument that we will address below. *Id.*

---

[6] The court found that the trial court improperly instructed the jury "that the sentence range for a conviction under § 1287, after two or more prior felonies, was six years to life, when in fact it was twenty years to life." Suppl. R. at 17 n.2 (citations omitted).

12

Kalbaugh's first instructional-error claim fails to raise a constitutional error because "[t]he Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, and neither has this court." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (citing *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980)). Because this circuit has a "rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction," reasonable jurists would agree Kalbaugh is not entitled to habeas relief on this ground. *See id.* (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988)).

Kalbaugh's second and third instructional-error claims also fail. "As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting *Long v. Smith*, 663 F.2d 18, 23 (6th Cir. 1981)). And "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

We agree with the district court that Kalbaugh fails to meet his burden of demonstrating that failure to give either jury instruction "so infected the trial that the resulting conviction[s] violate[d] due process." *Reynolds*, 131 F.3d at 1357 (quoting *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995)). So we adopt the district court's thorough analysis and conclude that reasonable jurists could not disagree with the district court's denial of this claim.

13

## VIII. Ineffective Assistance of Counsel

Kalbaugh alleges four instances of ineffective assistance: (1) counsel's failure to object to acts of prosecutorial misconduct, (2) counsel's failure to ask for other-crimes jury instructions, and (3) counsel's failure to challenge the prosecution's use of transactional priors. We also consider Kalbaugh's claim that his counsel was ineffective by failing to object to the "range of punishment" jury instruction. *See* Appellant's Opening Br. 22. Allegations of ineffective assistance of counsel are reviewed under a two-prong standard: Kalbaugh must show that (1) trial counsel's actions "fell below an objective standard of reasonableness," and that (2) these missteps "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* is a high standard to meet—failure to meet either prong is fatal. *See id.* And appellate courts proceed on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted). Because the Oklahoma Court of Criminal Appeals determined that Kalbaugh failed to meet this high bar, we ask only whether "the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101. The district court concluded that all four allegations of ineffective assistance of counsel failed to "overcome the 'doubly' deferential hurdle created by *Strickland* and § 2254(d) to obtain habeas corpus relief." *Kalbaugh*, 2019 WL 4666360, at * 15 (citing *Harrington*, 562 U.S. at 105).

14

We adopt the district court's thorough analysis and conclude that reasonable jurists could not disagree with the district court's denial of this claim.

## IX.    Credit for Time Served

As his ninth ground for relief, Kalbaugh argues that the trial court violated his "5th, 8th, and 14th amendment[]" rights by refusing to give him "credit for time served which amounted to **450 days** of credit." Appellant's Opening Br. 24. Kalbaugh argues that this decision was in error because the trial court, at the same hearing, "gave Mr. Kalbaugh credit for the same jail time for other sentences for which he was detained during the same time frame." *Id.* But Kalbaugh explicitly waived this claim before the district court, so we will not consider it here. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court." (citing *McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010))).

## X.    Cumulative Errors

Based on our determination that Kalbaugh is not entitled to a COA under Claims One through Nine, Kalbaugh's request for a COA under cumulative error is without merit, so we deny him a COA.

## XI.    Unexhausted Claims

Kalbaugh also requests that this court consider two additional claims for relief. But Kalbaugh removed these same two grounds from his habeas petition after the district court ordered he "show good cause for a stay or amend his petition to delete

15

his unexhausted [state-law] claims." *Kalbaugh*, 2019 WL 4666360, at *1. So we decline to consider either issue. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999).

## CONCLUSION

We deny Kalbaugh's requests for a COA, to expand the record, and for appointment of counsel, and we dismiss this matter. We grant his request to proceed *in forma pauperis*.

Entered for the Court

Gregory A. Phillips
Circuit Judge

16