**Harry Freeman SIMS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–329.**

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Harry Freeman Sims, appellant, was tried by jury for the crime of Feloniously Carrying a Firearm, After Former Conviction of a Felony, in violation of 21 O.S.1981, § 1283 in Case No. CRF–83–563 in the District Court of Comanche County. Appellant was represented by counsel. The jury returned a verdict of guilty, and set punishment at three (3) years' imprisonment.

The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence, appellant appeals to this Court.

On June 28, 1983, appellant and his roommate, Ms. Logan, drove to the "Lucky Lady" bar in Lawton, Oklahoma, to meet Mr. Coley. Appellant wanted to hock a gun to Mr. Coley in exchange for some money. At the meeting, appellant took a gun from the trunk of his car and gave it to Mr. Coley. The gun was a Rohm, six shot, .22 caliber pistol. Mr. Coley gave appellant an undisclosed amount of money. Mr. Coley then placed the gun in his vehicle, and appellant placed the money in his pocket. At trial, Ms. Logan identified State's Exhibit No. 2 as the gun which belonged to appellant.

Approximately two weeks later, appellant regained possession of the gun. Ms. Logan testified that she and appellant drove to Mr. Coley's apartment so that appellant could repay the money and reacquire the gun. After this exchange, appellant and Ms. Logan left Mr. Coley's apartment with a gun.

At trial, Oklahoma State Bureau of Investigation Agent Dale Sparks testified that appellant voluntarily handed the gun over to him upon request on July 13, 1983. Defense counsel stipulated to the chain of custody and identification of the gun by Agent Sparks.

Jeola Winters, a Wichita Falls Probation Officer, identified appellant as a probationer on her case load. Ms. Winters identified State's Exhibit No. 1 as a Judgment of Probation entered against Mr. Sims for possession of a controlled substance. Ms. Winters testified that this conviction was a felony conviction.

After entering a demurrer to the evidence, the defense rested without calling any witnesses.

In his first assignment of error, appellant contends that there was not sufficient evidence to sustain his conviction. Specifically, appellant asserts that the State failed to prove that the gun was

capable of firing a lethal projectile. 21 O.S.1981, § 1283 provides the following:

> It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to have in his possession or under his immediate control, or in any vehicle which he is operating, *or* in which he is riding as a passenger, *any pistol, imitation* or homemade *pistol*, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be easily concealed on the person, in personal effects or in an automobile (emphasis added).

As we interpret the legislative intent in this statute, we believe the intent was to keep guns, real or imitation, out of the possession or control of felons. Whether or not the pistol is capable of firing is not an element that must be proven to sustain a conviction under Section 1283. We therefore deny this assignment of error.

 Appellant's second assignment of error claims that the information was fundamentally defective and did not provide him with sufficient notice of the crime charged. Initially, appellant asserts that the information was defective because it did not allege that the weapon was capable of firing a lethal projectile. Secondly, appellant asserts that the information listed an incorrect date, listed the wrong statute number and was overly vague and conclusionary.

The test to assess the sufficiency of the information is two-pronged: (1) whether the defendant was in fact misled by it, and (2) whether conviction under it would expose the defendant to the possibility of being put in jeopardy a second time for the same offense. *Wolfenbarger v. State,* 710 P.2d 114 (Okl.Cr.1985), *cert. denied,* 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986). The test is not whether the information could have been more definite or certain, but whether it contained the elements of the offense. *Id.* Initially, we note that the information was amended at trial to correct the date. Moreover, we have reviewed the information and we find that it did contain the necessary elements to apprise the appellant of the charge against him. There is nothing in the record to indicate that the appellant was, in fact, misled by the charge as it was set forth. We also find that information sufficient to preclude the possibility of appellant being in further jeopardy for the same offense. We find this assignment of error to be without merit.

Appellant's final assignment of error contends that the trial court erred in allowing testimony concerning the reacquisition of the gun by the appellant. Specifically, appellant asserts that this was evidence of other crimes. This Court has long held:

> An implication of another crime which is obvious only to defense counsel is not inadmissible as evidence of other crimes. *Byrne v. State,* 620 P.2d 1328 (Okl.Cr. 1981). Further, when there is no evidence of another crime, an instruction covering that subject is unwarranted even when requested. In this case none was requested.

Likewise, in the instant case no such instruction was requested. In fact, defense counsel stated to the court that there were no objections to the court's proposed instructions, at the time instructions were settled. Therefore, this assignment of error is denied.

BUSSEY, J. concurs.

PARKS, J. dissents.

PARKS, Judge, dissenting:

I must dissent with regard to appellant's first assignment of error. The majority, without acknowledging this Court's prior rulings, interprets 21 O.S.1981, § 1283 as not requiring the State to prove that the pistol was capable of firing a lethal projectile.

In *Nelson v. State,* 687 P.2d 744, 745 (Okla.Crim.App.1984), this Court upheld the requirement of "capable of firing a lethal projectile," explaining that "pistol," as used in the statute, is a firearm capable of discharging a projectile. More recently, this Court followed the long-standing interpretation, stating that "pistol," as defined by the legislature in 21 O.S.1981, § 1289.3,

is "any firearm capable of discharging a projectile composed of any material which may reasonably be expected to be able to cause lethal injury...." *Hunnicutt v. State*, 755 P.2d 105 (Okla.Crim.App.1988) (FN 2). Although the majority states that the intent of the statute "was to keep guns out of the possession of or control of felons," I can find no such intent, especially in light of the statutory definition of "pistol."

While the majority implies that appellant could have correctly been convicted of carrying an "imitation" firearm, it should be noted that appellant was not charged or tried on the basis of an imitation pistol. Accordingly, I must dissent.