**Kyle Randall CHEADLE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 0–85–533.**

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1988.

Cindy Foley, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

Appellant, Kyle Randall Cheadle, pursuant to a guilty plea, was convicted of two

charges of the crime of Burglary Second Degree in Oklahoma County Case Nos. CRF–79–287 and CRF–79–188. He was sentenced to three years on each charge, the sentences to run consecutively. His sentences were initially suspended, however, on August 9, 1979, one year was revoked; subsequently on May 28, 1980, the State filed another application to revoke the balance (2 years) of his suspended sentences. The revocation hearing on this last application was not held until March 5, 1985; the court revoked both sentences in full and ordered appellant to serve the two years remaining. It is the second revocation that is the subject of this appeal.

The sole basis for the last revocation was a conviction appellant had in Caddo County in Case No. CRF–80–24 on May 9, 1980. He was convicted of Assault With a Dangerous Weapon, After Former Conviction of a Felony, and sentenced to 18 months in prison, which was ultimately affirmed on appeal to this Court in Case No. F–80–742 in an unpublished opinion issued on November 4, 1982. At the hearing in 1985, which was 2½ years after the appeal was final, the only evidence the State offered to prove their claim was a certified copy of the Information and the Judgment and Sentence. The State failed to prove the Judgment was final.

Appellant claims this revocation is defective on two counts; first, that the five year span between the application being filed and the hearing on the revocation is a breach of an obligation by the State to proceed with due diligence. Second, appellant contends there was a failure of proof that appellant's conviction in the Caddo County case was final.

■ We find both objections are well taken. It is apparent the State had abandoned their application. The alias warrant that was issued on May 28, 1980, was not served until January 29, 1985, and appellant was in the state penitentary the whole time. The State did not offer any excuse for the almost five year delay and claims only that appellant failed to object at the hearing. The State, to justify the five year delay, cites *Barthiume v. State*, 549 P.2d 366 (Okl.Cr.App.1976) as authority; however, the defendant in that case was in prison in another state and a detainer had been lodged to have him returned to Oklahoma on his release. In this case, appellant testified the first he knew of the revocation was when he was released from an Oklahoma prison. We find a substantial difference in the facts. The appellant's attorney failed to articulate the basis for the "speaking demur" he interposed, but appellant made his objection known when he was examined at the hearing. The delay was apparently neither caused by nor acquiesced in by appellant. Although we find no cases on point nor were any cited in the briefs, we find the very spirit of the revocation procedure was thwarted in this case. *See* 22 O.S.1981, § 991b; *Bradfield v. State*, 648 P.2d 1239, 1242 (Okl.Cr.App. 1982).

■ In the second issue we also find the State failed in its duty to meet even the minimal requirements of having a suspended sentence revoked. Not only did the State fail to prove or even mention that the conviction was final, but they did not even ask appellant when he was on the stand if it was final. The State was unprepared for these revocation hearings, although almost five years had elapsed since they had initiated this proceeding. We find there was a failure to prove the allegation of the revocation application. *See Linscome v. State*, 584 P.2d 1349 (Okl.Cr.App.1978).

The Judgment and Sentence revoking appellant's suspended sentence is REVERSED and REMANDED with instructions to vacate the order of revocation.

PARKS, J., concurs.

BUSSEY, J., concurs in result.