CORNELIUS II v. STATE
2023 OK CR 14
Case Number: F-2021-1157
Decided: 07/27/2023
WALTER HAROLD CORNELIUS II, Appellant v. THE STATE OF OKLAHOMA, Appellee
Cite as: 2023 OK CR 14, __ __

 

 

SUMMARY OPINION

MUSSEMAN, JUDGE:

¶1 Appellant, Walter Harold Cornelius II, appeals his Judgment and Sentence from the District Court of Wagoner County, Case No. CF-2020-89, for Possession of a Firearm after Prior Felony Conviction in violation of 21 O.S.Supp.2019, § 1283

¶2 The Honorable Douglas Kirkley, District Judge, presided over Appellant's jury trial. The jury found Appellant guilty and assessed punishment of five years imprisonment and the trial court imposed the same. Cornelius appeals his judgment and sentence and raises the following issues:

I. whether the trial court violated Appellant's constitutional right to a speedy trial by failing to review his case for undue delay as required by Oklahoma law; and

II. whether the jury's finding that Appellant knowingly possessed firearms was clearly erroneous because the State did not show beyond a reasonable doubt that Appellant knowingly had any firearm capable of discharging a projectile at his residence.

¶3 We affirm the Judgment and Sentence of the district court.

I.

¶4 Appellant argues that the trial court violated his constitutional right to a speedy trial. We disagree.

¶5 In the present case, the trial court did not hold a hearing to review whether Appellant's right to a speedy trial had been violated. Thus, this Court's review of the claim is de novo. State v. Raby, 2022 OK CR 30522 P.3d 822BarkerId.; Okla. Const. art. II, § 20 (right to speedy trial). "These are not absolute factors, but are balanced with other relevant circumstances in making a determination." Lott v. State, 2004 OK CR 2798 P.3d 318

A. Length of Delay

¶6 This first question regarding the length of delay is a double inquiry. Doggett v. United States, 505 U.S. 647, 651 (1992). First, we must decide if the delay is sufficient to trigger a speedy trial analysis under the Barker factors. Id. at 651-52. Generally, we will consider any delay beyond one year to trigger review under Barker. Ellis v. State, 2003 OK CR 1876 P.3d 1131

¶7 Appellant was first arrested due to the events that transpired during a drug court compliance check on January 9, 2020. However, Appellant was released on this case on January 16, 2020, but held pending holds in two other active cases. Ordinarily, Appellant's release without charges would not implicate Appellant's speedy trial rights until the later filing of the information. "[I]t is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." United States v. Marion, 404 U.S. 307, 320 (1971) (emphasis added). However, the docket reflects that Appellant continued to be recognized back at future dates during this time by the trial court. Considering when the right to speedy trial attaches is "'the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the same crime or a crime based on the same conduct or arising from the same criminal episode . . . .'" Id. at 321 n.12 (emphasis added) (quoting ABA Standards Relating to Speedy Trial).

¶8 Although Appellant remained in custody on other charges following his arrest on January 9, 2020, and was not being held in custody on this charge, the trial court continued to recognize Appellant back on dates certain to answer for criminal charges in relation to this case in addition to Appellant's other cases. Therefore, the speedy trial protections of the Sixth Amendment attached at arrest on January 9, 2020. Id. at 318-19. This delay of 21 months triggers further review under Barker. Ellis, 2003 OK CR 18

¶9 Second, we "must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett, 505 U.S. at 652 (citing Barker, 407 U.S. at 533-34). The State and Appellant have recognized that this is not a complex case, thus the 21-month delay stretched beyond the bare minimum time necessary, but not substantially so. Barker, 407 U.S. at 531 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."). As a result, this factor weighs slightly in favor of Appellant.

B. Reason for Delay

¶10 "The next step in our analysis is to evaluate the reason for the delay. Essentially, we must ascertain the cause of the delay and assess its reasonableness considering the circumstances of the case." Raby, 2022 OK CR 30Lott, 2004 OK CR 27Ellis, 2003 OK CR 18

Deliberate delay weighs heavily against the government. Neutral reasons, like negligence or crowded courts, weigh slightly in a defendant's favor, for "ultimate responsibility for such circumstances must rest with the government rather than with the defendant." And a "valid reason, such as a missing witness, should serve to justify appropriate delay."

Ellis, 2003 OK CR 18Barker, 407 U.S. at 531). This factor is "[t]he flag all litigants seek to capture . . . ." United States v. Loud Hawk, 474 U.S. 302, 315 (1986). The burden lies with "the [S]tate to provide an inculpable explanation for delays in speedy trial claims." Jackson v. Ray, 390 F.3d 1254, 1261 (10th Cir. 2004) (citing Barker, 407 U.S. at 531).

¶11 The first period of time from arrest to Appellant's initial preliminary hearing conference date, 76 days, was a neutral delay. There is no evidence that the State acted deliberately to delay the proceeding, nor the Appellant. The preliminary hearing conference was then delayed 63 days due to the COVID-19 pandemic. COVID-19-related delays are a sufficient reason for purposes of constitutional analysis. See, e.g., State v. Brown, 964 N.W.2d 682, 693 (Neb. 2021) (pandemic related delays were a valid reason for purposes of the constitutional speedy trial analysis); Johnson v. State, No. 837, Sept. Term, 2021, 2022 WL 2304055, at *5-6 (Md. Ct. Spec.App. June 27, 2022) (review of jurisdictions considering the impact of the pandemic and determining that the global emergency required a balancing of the right to a speedy trial against public health and safety). This Court recognizes that challenges stemming from the COVID-19 pandemic existed for courthouses and detention facilities during this time. In light of the foregoing, this delay is justified as having a valid reason.

¶12 On May 27, 2020, Appellant's preliminary hearing was passed resulting in another 7-day neutral delay. The preliminary hearing was again passed, resulting in a 42-day delay. While the docket only displays the reason of this delay being the absence of Appellant's counsel, an Inmate Request to Staff written by Appellant indicates that his counsel had been in an accident that prevented her from being present that day. As with the COVID-19 delay, these 42 days are justified as having a valid reason and do not weigh against either party. Appellant's preliminary hearing was passed another time on the court's motion, causing an additional 7-day neutral delay. The next pass of Appellant's preliminary hearing was by agreement, resulting in a 14-day delay which Appellant acquiesced to.

¶13 On August 5, 2020, Appellant waived preliminary hearing and the case was set for formal arraignment. Between the waiver and formal arraignment, 19 days passed, resulting in a neutral delay. However, the formal arraignment was then passed by agreement, thus resulting in another 28-day delay Appellant acquiesced to. Following formal arraignment, the case was then set for disposition on October 13, 2020, causing another neutral delay of 22 days. At disposition, the case was set for jury sounding docket.

¶14 Before this case made it to the assigned jury sounding docket, Appellant filed a pro se motion to substitute counsel. As a result, there was a hearing on the motion which the court denied, finding it meritless. However, the record indicates that there was still a decision made to change counsel, causing a delay until July 12, 2021, when Appellant was present with new counsel for disposition. This 273-day delay weighs against the defendant because it resulted from his meritless pro se motions. Following the entry of appearance of new counsel, the case moved at a typical rate towards trial resulting in the remaining 91 days being neutral.

¶15 Considering the delays in total: 222 days were neutral delays that weigh slightly against the State; 105 days were justified delays resulting either from COVID-19 or other unpredictable accidents weighing against neither party; 42 days were acquiesced to by Appellant and benefited both sides in preparation for hearings; and 273 days were caused by Appellant's motion to substitute counsel. The combined effect of these delays results in this factor weighing against the Appellant.

C. Defendant's Assertion of Speedy Trial Right

¶16 Moving on to the third speedy trial factor, assertion of the right by the accused, Appellant first directly mentioned his right to a speedy trial on April 6, 2021. However, prior to this date the Appellant had written many Inmate Requests to Staff questioning why he was not being brought to court and how he could speed up his process. Additionally, Appellant filed a Writ of Habeas Corpus, pro se, on September 11, 2020. Appellant argues that through these actions he unambiguously asserted his right to a speedy trial earlier than April 6, 2021. However, while Appellant was making these "unambiguous" communications from jail, two of his proceedings had been passed by agreement. Thus, if this Court were to find that Appellant had "unambiguously" asserted his speedy trial right, his acquiescence to the delay then diminished its weight here. See Barker, 407 U.S. at 529 (the approach adopted "allow[s] a court to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection.").

¶17 Additionally, just a few days after Appellant had filed a pro se Writ of Habeas Corpus, his case was set for the next jury sounding docket. Thus, Appellant's case was in process to soon reach trial. However, before the date of the jury sounding docket, Appellant filed a pro se Motion to Substitute Counsel. This meritless motion is what then put a several months long pause to his case proceeding to trial. Thus, Appellant's actions are what prevented him from reaching trial. Therefore, Appellant's motion caused the next, and longest, delay and diminished the weight of his request for speedy trial. See Barker, 407 U.S. at 529.

¶18 While these previous actions by Appellant are argued to be unambiguous assertions, both the State and Appellant acknowledge Appellant's express assertion of the right on April 6, 2021. However, the right to a speedy trial "is not satisfied merely by moving to dismiss after the delay has already occurred." United States v. Batie, 433 F.3d 1287, 1291 (10th Cir. 2006). "The question, instead, is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch." Id. See Barker, 407 U.S. at 536 ("[B]arring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates... that the defendant did not want a speedy trial."); United States v. Dirden, 38 F.3d 1131, 1138 (10th Cir. 1994) (finding that the third factor weighed against a defendant who moved for a continuance and acquiesced when the trial date was vacated twice); United States v. Tranakos, 911 F.2d 1422, 1429 (10th Cir. 1990) ("We are unimpressed by a defendant who moves for dismissal on speedy trial grounds when his other conduct indicates a contrary desire."). At the times Appellant argues to have either unambiguously or ambiguously asserted his right to a speedy trial, he was additionally acquiescing to or contributing to delays and thus acting inconsistent with his desire for a speedy trial. As a result, this factor weighs against Appellant.

D. Prejudice to the Defendant

¶19 The Supreme Court has recognized that unreasonable delay between formal accusation and trial threatens to produce harm through "'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence." Doggett, 505 U.S. at 654 (quoting Barker, 407 U.S. at 532) (alteration in original). "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Barker, 407 U.S. at 532.

¶20 Appellant claims to have been prejudiced during his time in jail due to the emotional toll resulting from the anxieties of not tending to his animals or home, which he almost lost, and due to the death of his mother in May of 2020. Appellant places the most weight of his argument on the idea that the death of his mother directly prejudiced his defense. Appellant claims that had the case proceeded at an appropriate pace, he would have examined his mother at trial regarding his alleged knowledge and possession of the firearms found in his home.

¶21 Appellant "must 'make a particularized showing of prejudice which addresses the interests the speedy trial right was designed to protect.'" United States v. Black, 830 F.3d 1099, 1122 (10th Cir.2016) (quoting United States v. Hicks, 779 F.3d 1163, 1169 (10th Cir.2015)); see also United States v. MacDonald, 456 U.S. 1, 8 (1982). Appellant was first held on this case on January 9, 2020, and his mother passed in May of 2020. Thus, Appellant's mother passed within only four months of him being arrested and held for this case. While the passing of Appellant's mother while he was being held is very unfortunate, it is less than clear that any prejudice arising from her passing stems from a delay in this case. See Powell v. State, 2000 OK CR 5995 P.2d 510Cooper v. State, 1983 OK CR 154671 P.2d 1168

¶22 Additionally, Appellant fails to make a particularized showing of how the loss of his mother as a witness prejudiced his case. Appellant claims that his mother could have testified to his alleged knowledge and possession of the firearms. However, like his mother, Appellant's wife was in the home and in actual possession of one of the firearms and likely could have testified to the same issues his mother would have. Appellant did not call his wife to testify about his alleged knowledge and possession nor does he offer any showing of his mother's testimony holding more weight than his wife's would have. Thus, Appellant's defense likely was not prejudiced by any delay and this factor does not weigh in favor of Appellant.

E. Conclusion

¶23 In considering the facts of this case: (1) the limited delay; (2) the reasons for delay favoring the State; (3) Appellant's assertion of his speedy trial right diminished by continued acquiescence and contribution to delay; and (4) the limited resulting prejudice, Appellant's right to a speedy trial was not violated.

II.

¶24 Appellant claims in his second proposition that the State provided insufficient evidence to support his conviction. The ultimate question of sufficiency of the evidence should be resolved with deference to the fact finder and in a light most favorable to the State. Dodd v. State, 2004 OK CR 31100 P.3d 1017see also Spuehler v. State, 1985 OK CR 132709 P.2d 202Coddington v. State, 2006 OK CR 34142 P.3d 437Mason v. State, 2018 OK CR 37433 P.3d 1264Id. We examine pieces of evidence together in context rather than in isolation, and we will affirm a conviction so long as, from the inferences reasonably drawn from the record as a whole, the jury might fairly have concluded the defendant was guilty beyond a reasonable doubt. Id.

¶25 There are four elements of Possession of a Firearm after Former Felony Conviction: (1) knowingly and willfully; (2) possessing or having at the place where the defendant resides; (3) any pistol or dangerous/deadly firearm; and (4) the defendant was convicted of a felony. 21 O.S.Supp.2019, § 1283

¶26 Considering Appellant's first argument, that there was insufficient proof of the operability of the firearms recovered at Appellant's residence, this Court continues to hold that operability is not an element of felon in possession of a firearm after former conviction. Sims v. State, 1988 OK CR 193762 P.2d 27021 O.S.Supp.2019, § 1283Nelson v. State, 1984 OK CR 86687 P.2d 744Hunnicutt v. State, 1988 OK CR 91755 P.2d 105Sims as the latter case and are hereby expressly overruled to the extent they are inconsistent with today's opinion.

¶27 In considering Appellant's second argument that there was insufficient evidence of his knowledge, review of the entire record, viewed in the light most favorable to the State, shows that the jury was given sufficient evidence to find Appellant knew about the firearms and thus find him guilty of Possession of a Firearm after Former Felony Conviction. As a result, Proposition II is denied.

DECISION

¶28 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2023), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF WAGONER COUNTY, 
THE HONORABLE DOUGLAS KIRKLEY,
DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 JAY RAMEY
 1408 SOUTH DENVER AVE.
 TULSA, OK 74119
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 SIMON CASSEL
 APPELLATE DEFENSE
 COUNSEL
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 JOHN BENNETT
 ASSISTANT DISTRICT ATTORNEY
 WAGONER COUNTY
 307 E. CHEROKEE
 WAGONER, OK 74467
 COUNSEL FOR STATE
 
 
 JOHN M. O'CONNOR
 ATTORNEY GENERAL
 OF OKLAHOMA
 MARY R. INCREMONA
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LUMPKIN, J.: Concur in Result
LEWIS, J.: Concur

FOOTNOTES

solely by reason thereof is not brought to trial within one (1) year after arrest, the court shall set the case for immediate review . . . ." 22 O.S.2011, § 812.122 O.S.2011, § 812.1

Barker v. Wingo, 407 U.S. 514 (1972).