STATE v. DIAZ
2025 OK CR 2
Case Number: S-2024-208
Decided: 01/30/2025
STATE OF OKLAHOMA, Appellant v. JESSE SETH DIAZ, JR., Appellee
Cite as: 2025 OK CR 2, __ __

 

 

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 As relevant to this appeal, Appellee, Jesse Seth Diaz, Jr., was charged with felon in possession of a firearm (21 O.S.Supp.2022, § 1283

¶2 The State's appeal of the decision was automatically placed on the accelerated docket of this Court pursuant to Rule 11.2(A)(4), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2025). On November 7, 2024, pursuant to Rule 11.2(E), the Court heard argument. The sole issue presented by this appeal is whether an air-powered BB gun is included among the items a convicted felon is prohibited from possessing by 21 O.S.Supp.2022, § 1283de novo. Smith v. State, 2007 OK CR 16157 P.3d 1155

FACTS

¶3 At approximately 3 o'clock on the morning of October 25, 2023, Ponca City police officer Jacob Hopkins briefly followed and then stopped an F-150 pickup for failing to stop at a stop sign. Appellee was the driver of the truck. During the initial encounter, Appellee explained his nervousness by telling the officer he had done 13 years in prison and was out on parole.

¶4 Officers subsequently learned that Appellee did not have a valid driver's license and the truck's sole passenger, Gabriella Haney, had outstanding warrants. Appellee was released at the scene ostensibly to wait with the pickup for a licensed driver to arrive.

¶5 As Officer Hopkins transported Haney to jail, she told him that once Appellee realized he was being followed by police he threw a gun from the truck's window. At Haney's direction, the officer drove toward the gun's location. As the officer approached the area, he saw Appellee, on foot, also approaching the area. When Appellee saw the officer, he turned and began running back towards the pickup.

¶6 Appellee was detained by other officers. Officer Hopkins found a holster containing a C11 semi-automatic air powered BB pistol in the roadway. There was no indication the gun had been altered but, according to Hopkins, it looked real: "Without taking it out of the holster, I felt it was heavy and it felt real when I pulled it out of the holster. It felt like a real gun. It didn't have an orange tip on it." Appellee was arrested for traffic offenses and felon in possession of a firearm.

ANALYSIS

¶7 Section 1283(A) prohibits a convicted felon from possessing "any pistol, imitation or homemade pistol, altered air or toy pistol, machine gun, sawed-off shotgun or sawed-off rifle, or any other firearm." Below, Appellee, relying predominately on Thompson v. State, 1971 OK CR 328488 P.2d 944overruled on other grounds by Dolph v. State, 1974 OK CR 46520 P.2d 378See Cornelius v. State, 2023 OK CR 14534 P.3d 715Sims v. State, 1988 OK CR 193762 P.2d 270Thompson, we were applying a version of the statute passed in 1961 and one that required the firearm to be "dangerous or deadly."

¶8 Thompson has been abrogated by more recent versions of Section 1283 including the version passed in 2022 and at issue here. Nonetheless, we take this opportunity to explicitly overrule Thompson.

DECISION

¶9 In Sims, we interpreted the legislative intent of Section 1283 as "to keep guns, real or imitation, out of the possession or control of felons." 1988 OK CR 193REVERSED and this matter is REMANDED to the District Court for proceedings not inconsistent with this opinion.

AN APPEAL FROM THE DISTRICT COURT OF KAY COUNTY
THE HONORABLE PHILLIP C. CORLEY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT HEARING

 JARROD STEVENSON
 ATTORNEY AT LAW
 P.O. BOX 2260
 OKLAHOMA CITY, OK 73101
 COUNSEL FOR DEFENDANT

 BRIAN T. HERMANSON
 DISTRICT ATTORNEY
 201 S. MAIN STREET
 NEWKIRK, OK 74647
 COUNSEL FOR STATE
 
 
 APPEARANCES ON APPEAL

 BRIAN T. HERMANSON
 DISTRICT ATTORNEY
 201 S. MAIN STREET
 NEWKIRK, OK 74647
 COUNSEL FOR APPELLANT

 JARROD STEVENSON
 ATTORNEY AT LAW
 P.O. BOX 2260
 OKLAHOMA CITY, OK 73101
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, V.P.J.
LUMPKIN, P.J.: Specially Concur
LEWIS, J.: Dissent
HUDSON, J.: Dissent
ROWLAND, J.: Specially Concur

FOOTNOTES

A pistol is defined in relevant part as "[a]ny firearm capable of discharging a projectile composed of any material which may reasonably be expected to be able to cause lethal injury ...."

LUMPKIN, P.J., Specially Concurring:

¶1 I join in Judge Rowland's special concur as well as this opinion.

¶2 As the opinion sets out Thompson v. State 1971 OK CR 328Thompson caused courts to look at the trees and not the forest the Court in Sims v. State 1988 OK CR 193

¶3 The attempt by the Legislature to provide an all encompassing list of possible intended items in illustration of this intent has turned into a "red herring" that causes readers to get down in the weeds focusing on the given examples rather than the overall Legislative intent. Therefore, the court's language in Sims is our guide to the application of this statute. I join in totally overruling the decision in Thompson to remove these errant interpretations.

 

 

 

LEWIS, JUDGE, Dissent:

¶1 The Legislature easily could have included BB guns in the statute prohibiting convicted felons from possessing firearms, but they didn't.

¶2 For this reason, I respectfully dissent to the majority opinion.

 

 

HUDSON, J., DISSENTING:

¶1 The issue in this case is whether an air-powered BB gun is included among the items a convicted felon is prohibited from possessing. Title 21 O.S.Supp.2022, § 1283Thompson v. State, 1971 OK CR 328488 P.2d 944Id., 1971 OK CR 328Id., 1971 OK CR 328

¶2 These conclusions are indisputable and make clear that an air pistol cannot be classified as a firearm for purposes of Section 1283, even as an imitation pistol. This has nothing to do with the functionality of the pistol but is simply a matter of categorization. The air-powered BB gun is not designed as a firearm, nor is it an altered air or toy pistol, for purposes of Section 1283. BB guns and air-powered pistols are not listed in the plain language of this statute. "Altered air pistol" is defined in this section as "any air pistol manufactured to propel projectiles by air pressure which has been altered from its original manufactured state." 21 O.S.Supp.2022, § 1283

¶3 There is no evidence the air-powered BB gun was altered or otherwise presented as a toy. The BB gun itself cannot be an imitation firearm because again "an air-compression gun does not imitate the explosive nature of a firearm." Thompson, 1971 OK CR 328See also 21 O.S.Supp.2019, § 1289.3not BB guns or unaltered air pistols. The closing phrase of this subsection likewise prohibits a felon from possessing "any other firearm" not explicitly listed. This plain language further bolsters that the Legislature did not intend to prohibit a convicted felon from being in possession of an unaltered air pistol/BB gun like the one possessed in the present case.

¶4 Had the Legislature intended to cover BB guns or unaltered air pistols like the one possessed by Appellee, then it could have said that explicitly in Section 1283. The majority needlessly discards an interpretation of Section 1283's plain language that remains applicable, and relevant, despite numerous amendments to the statute over the past fifty years. The Legislature's failure to refute Thompson explicitly over the years is also notable if for no reason other than the vitality of this decision itself.

¶5 Here, fidelity to the plain language of the statute demands restraint in our interpretation. Nothing in Section 1283 suggests the Legislature intended for this provision to include BB guns. It is the Legislature's prerogative to broaden the reach of Section 1283, not this Court. Because the Legislature has not explicitly addressed the matter, the plain language of Section 1283 mandates that the district court's order sustaining the magistrate's demurrer be affirmed. Based upon the foregoing, I respectfully dissent.

 

 

ROWLAND, J., SPECIALLY CONCURRING:

¶1 I concur with reversing the trial court, but I write separately to clarify what I think is the central issue in this case and to offer guidance to trial courts in instructing juries as to the meaning of the term "imitation pistol." The Summary Opinion describes the issue as whether "an air-powered BB gun is included among the items a convicted felon is prohibited from possessing pursuant to 21 O.S.Supp.2022, § 128321 O.S. § 1283 pistol which is explicitly included within Section 1283(A).

¶2 Title 21 O.S.Supp.2022, § 1283

¶3 The trial court relied upon Thompson v. State, 1971 OK CR 328488 P.2d 944Thompson, and I agree that an unaltered BB gun is not a firearm because it does not use a combustible propellant to discharge a lethal projectile. See 21 O.S.2021, § 1289.3

¶4 Thompson held, astonishingly in my view, that an imitation pistol must still meet the definition of firearm, meaning that it is capable of firing a deadly projectile by means of a combustible propellant. But any gun meeting that test would by definition be a firearm, regardless of its appearance or authenticity, and Thompson therefore renders the word "imitation" superfluous which runs counter to basic rules of statutory construction. Wells v. State, 2016 OK CR 28387 P.3d 966Thompson does, makes no sense. It cannot seriously be argued that a "toy pistol" is capable of firing a deadly projectile and thus, if Thompson's analysis was ever correct, it is no longer given subsequent amendments to the statute. By defining imitation pistol as a category of firearm, Thompson's reasoning is outdated and circular and I agree with overruling what is left of it.

¶5 In the case at hand, we must determine whether there was probable cause to believe this gun was an imitation pistol. Unless and until the Legislature provides guidance as to a definition of that term, we must ascertain it through familiar rules of statutory interpretation. Our central aim is to effectuate the intent of the Legislature. Lozoya v. State, 1996 OK CR 55932 P.2d 22State ex rel. Mashburn v. Stice, 2012 OK CR 14288 P.3d 247Lozoya, 1996 OK CR 55See also State v. Farthing, 2014 OK CR 4328 P.3d 1208

¶6 In the case of Section 1283, we do not write on a completely empty slate as this Court has previously examined the legislative intent behind it. "As we interpret the legislative intent in this statute, we believe the intent was to keep guns, real or imitation, out of the possession or control of felons." Sims v. State, 1988 OK CR 193762 P.2d 27021 O.S.2021, § 128721 O.S.2021, § 801

¶7 In summary, I concur in overruling Thompson and its requirement that an imitation pistol must be capable of discharging a lethal projectile by means of a combustible propellant. I would further hold that the term "imitation pistol" in Section 1283 means a pistol capable of raising in the mind of one threatened with such device a fear that it is a real pistol.

¶8 I am authorized to state the Presiding Judge Lumpkin joins in this writing.

FOOTNOTES